**PUBLISH**

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 97-5634
Non-Argument Calendar

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
08/19/98
THOMAS K. KAHN
CLERK

D. C. Docket No. 97-259-CR-DLG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MERY GIRALDO-PRADO,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Florida

(August 19, 1998)

Before TJOFLAT, EDMONDSON and BIRCH, Circuit Judges.

PER CURIAM:

Mary Giraldo-Prado ("Giraldo-Prado") appeals the district court's order of judicial deportation as a condition of supervised release. We vacate the district court's order in part and remand for further proceedings, in light of our holding in United States v. Romeo, 122 F.3d 941 (11th Cir. 1997), and the more recent holding in United States v. Biro, 143 F.3d 1421 (11th Cir. 1998).

## I. BACKGROUND

Giraldo-Prado pled guilty to count one of an indictment, charging her with illegal importation of heroin. The district court sentenced her to 46 months' imprisonment and three-years' supervised release. In addition, the district court ordered Giraldo-Prado deported as a condition of her supervised release, pursuant to 18 U.S.C. § 3583(d).

At the sentencing hearing, Giraldo-Prado did not object to the district court's authority to order such deportation; however, the government objected based on our day-old holding in United

2

States v. Romeo, 122 F.3d 941 (11th Cir. 1997).  The district court refused to entertain the government's objection at the sentencing hearing because the government failed to file a previous objection.

Giraldo-Prado failed to object to the district court's lack of subject-matter jurisdiction to order her deported as a condition of supervised release, but raises this issue on appeal.  In response, the government agrees that the district court exceeded its subject matter jurisdiction.

## II.  DISCUSSION

We have noted that a party may raise jurisdiction at any time during the pendency of the proceedings.  United States v. Biro, 143 F.3d 1421,   (11th Cir. 1998).  Accordingly, Giraldo-Prado did not waive subject-matter jurisdiction.  The district court's subject-matter jurisdiction is a question of law subject to de novo review.  See United States v. Perez, 956 F.2d 1098, 1101 (11th Cir. 1992).

In Romeo, we held that 8 U.S.C. § 1229a(a) divests the district court of jurisdiction to order deportation pursuant to 18 U.S.C. § 3583(d).  Romeo, 122 F.3d at 943-44.  We concluded that "[t]he INA [Immigration and Nationality Act], as amended by the IIRAIRA [Illegal Immigration Reform and Immigrant Responsibility Act], does not provide for, or authorize, judicial deportation pursuant  to  18 U.S.C. § 3583(d).  Thus,  we  hold that  8 U.S.C. § 1229a(a) eliminates any jurisdiction district courts enjoyed under § 3583(d) to independently order deportation."  Id. at 943.

We further concluded in Romeo that §1229a(a) extends  "to all pending cases because '[i]ntervening statutes conferring or ousting jurisdiction' are ordinarily given immediate effect, 'whether or not jurisdiction lay when the underlying conduct occurred or when the suit was filed . . . .'"  Id. at 944 (citation omitted).  Accordingly, § 1229a(a) was given immediate effect and applied

to all cases pending on the date of enactment, April 1, 1997. Id. at 944.

In Biro, we reasoned that "[a]s a result of the enactment of § 1229a(a), '§ 3583(d) authorizes a district court to order that a defendant be surrendered to the INS for deportation proceedings in accordance with the INA, but it does not authorize a court to order a defendant deported.'" Biro, 143 F.3d at __, (quoting Romeo, 122 F.3d at 943-44).

Because Giraldo-Prado was sentenced on September 11, 1997, after the enactment of 8 U.S.C. § 1229a(a), we remand with instructions that the district court delete the deportation condition. The district court may modify the sentence by deleting the deportation order but provide that the appellant, upon completion of her term of imprisonment, shall be turned over to the Immigration and Naturalization Service for appropriate proceedings pursuant to the Immigration and Nationality Act. See Biro, 143 F.3d at __. Because these actions by the district court

on remand will operate in Giraldo-Prado's favor, the district court need not hold a new, complete sentencing hearing.  See Fed. R. Crim. P.  32.1(b) (providing that hearing and assistance of counsel are required before terms of supervised release can be modified unless relief to be granted is favorable to defendant). Alternatively, the district court, in its discretion, may hold a resentencing hearing if it desires to accomplish any other changes in the sentence.

VACATED in part and REMANDED with instructions.