[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-10873

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 20, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-20520-CR-ASG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WALLACE D. STREVELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 20, 2006)**

Before ANDERSON, FAY and SILER*, Circuit Judges.

PER CURIAM:

---

\* The Honorable Eugene E. Siler, Jr., United States Circuit Judge for the Sixth Circuit, sitting by designation.

The appellant appeals his convictions for attempting to travel in foreign commerce to engage in a commercial sex act with a minor. Wallace D. Strevell, a United States citizen, contracted with an undercover sting operation which arranges trips to Costa Rica for individuals desiring sexual encounters with child prostitutes. The appellant was charged with three counts of attempting to travel in foreign commerce to engage in a commercial sex act with a minor. He was tried by a jury which adjudicated him guilty on all three counts. Strevell contends that the district court lacked subject matter jurisdiction to convict him under the charged statutes because Congress failed to include a clear intent for the statutes to reach extraterritorial conduct. He further asserts that there was a constructive amendment to the indictment during his trial. Finding no merit in either contention, we affirm.

## I. Factual Background

On June 2, 2004, appellant Wallace David Strevell ("Strevell"), answered an ad in an adult magazine advertising a travel service called "Costa Rica Taboo Vacations." In reality, the travel agency was an undercover sting operation designed to identify individuals who desired to travel to Costa Rica to engage in sex with minors. This agency was designed to prevent United States citizens from victimizing minors abroad. This undercover operation mirrored an actual travel agency that arranged trips to foreign countries in order that its clients might have

sexual encounters with minors.  For a fee, the agency would arrange airfare, hotel accommodations and a prostitute ranging from age 14-27.

Between June 2, 2004 and June 30, 2004, Strevell made several telephone communications with Richard Baxter, the owner of Costa Rica Taboo Vacations. Unbeknownst to Strevell, Baxter was actually an undercover officer named Richard Love ("Love"). On June 2, 2004, Strevell and Love discussed a female companion for Strevell's trip to Costa Rica. Love offered Strevell the option of choosing a sexual companion between the ages of 14 and 27. Strevell requested a 15-16 year old girl.[1] On June 16, 2004, Strevell contacted Love and told him he wanted a 14-15 year old girl. He also asked if the girls were "fairly clean." Love confirmed that all the girls have been tested and are clean. Love then asked Strevell whether he would bring protection and Strevell answered in the affirmative.

On June 21, 2004, Strevell purchased a sexual package from the travel agency. Strevell paid $955 for his package, which included  airfare from Pennsylvania through Miami to Costa Rica, hotel arrangements in Costa Rica and a child prostitute. The travel agency told Strevell that a middleman or pimp named Jorge would arrange to meet him in Costa Rica and provide a set of pictures of

---

[1] Apparently, people requesting adult companions would receive no further information or contact from the agency. However, those who expressed an interest in underage girls would receive travel and hotel information.

child prostitutes for Strevell to choose from. The agency told Strevell that Jorge would arrange to bring his selected prostitute to his hotel room for a 24-hour sexual encounter. On June 22, 2004, Love sent Strevell two letters, one confirming the travel arrangements and the other letter for Strevell to give to Jorge upon arrival in Costa Rica. Strevell was told that he should give this letter to Jorge so he could obtain a minor for sex. On June 30, 2004, Strevell inquired whether it was possible to acquire two minor prostitutes. Love told him that this could be arranged with Jorge for an additional fee.

On July 11, 2004, Strevell flew from Philadelphia to Miami International Airport, where he checked in and received a boarding pass for an outbound flight to Costa Rica. Soon thereafter, FBI agents intercepted Strevell on the gangway as he attempted to board the flight to Costa Rica. After obtaining a warrant to search Strevell's bag, the agents found the letter that he was to give to Jorge in order to obtain sex with a minor, a Spanish/English dictionary, a sexual stimulator, $507 cash and 12 condoms.[2]

## II. Issues

This case presents two issues. The first issue is whether subject matter jurisdiction existed to adjudicate Strevell guilty under the charged statutes based

---

[2] The vibrator was contained in a black bag and included four separate attachments used for sexual stimulation as well as a spare battery.

on his attempt to commit a crime in foreign commerce. The second issue is whether the government constructively amended the indictment when it used the phrase "on or about" July 11, 2004.

## III. Standard of Review

Because a party may raise jurisdiction at any time during the pendency of the proceedings, a defendant does not waive an objection to subject matter jurisdiction by raising it for the first time on appeal. See United States v. Giraldo-Prado, 150 F.3d 1328, 1329 (11th Cir. 1998). The district court's subject matter jurisdiction is a question of law subject to *de novo* review. See United States v. Murrell, 368 F.3d 1283, 1285 (11th Cir. 2004). Because there was no objection in the district court, we review the issue of a constructive amendment of the indictment for plain error. See United States v. Rutherford, 175 F.3d 899, 906 (11th Cir. 1999). This court has discretion to correct an error where: (1) an error occurred, (2) the error was plain, (3) the error affected substantial rights, and (4) the error seriously affects the fairness and integrity of judicial proceedings. See United States v. Duncan, 400 F.3d 1297, 1301 (11th Cir. 2005).

## IV. Analysis

Strevell contends that the district court lacked subject matter jurisdiction to convict him under the charged statutes because Congress failed to include a clear intent for the statutes to reach extraterritorial conduct. He argues that the statutes

5

do not apply to his criminal conduct because the attempted illicit sexual encounter was to take place in Costa Rica and not in the United States.

Extraterritoriality involves the question of the proper reach of a United States Court over citizens who engage in criminal activities in foreign commerce. As this court explained in Nieman, "[i]t is undisputed that Congress has the power to regulate the extraterritorial acts of U.S. citizens." Nieman v. Dryclean U.S.A. Franchise Co., Inc., 178 F.3d 1126, 1129 (11th Cir. 1999). However, Strevell argues that the charged statutes do not apply to extraterritorial conduct because Congress did not clearly express this intention. We disagree.

The district court properly had subject matter jurisdiction to convict Strevell pursuant to the charged statutes because it was clear that Congress intended to regulate Strevell's conduct even though all of Strevell's actions occurred in the United States. Strevell was charged with three counts of attempting to travel in foreign commerce to engage in commercial sex with a minor. Count I charged Strevell with attempting to travel in foreign commerce to engage in illicit sexual conduct, namely prostitution with a minor, in violation of 18 U.S.C. §§ 2423(c),[3] (e). Count II charged that Strevell, in or affecting interstate and foreign commerce,

_____

[3] **(c) Engaging in illicit sexual conduct in foreign places.**
    Any United States citizen or alien admitted for permanent residence who travels in foreign commerce, and engages in any illicit sexual conduct with another person shall be fined under this title or imprisoned not more than 30 years, or both. 18 U.S.C. § 2423(c).

attempted to obtain a minor for prostitution, in violation of 18 U.S.C. §§ 1591(a),[4] 1594(a). Count III charged that Strevell, using a facility and means of interstate and foreign commerce, attempted to induce a minor to engage in prostitution, in violation of 18 U.S.C. § 2422(b).[5]

"Generally, courts will give extraterritorial effect to penal statutes where congressional intent is clear." See United States v. McAllister, 160 F.3d 1304, 1307-08 (11th Cir. 1998)(citing United States v. Bowman, 260 U.S. 94, 97, 43 S.Ct. 39, 67 L.Ed. 149 (1922)). Under Bowman, "Congress need not expressly provide for extraterritorial application of a criminal statute if the nature of the offense is such that it may be inferred."With this principle of law in mind, we review the statutes involved here.

According to count I, Strevell was convicted pursuant to 18 U.S.C. § 2423(c). As noted above, this statute was created to eliminate foreign "sexual

---

[4] **(a) Whoever knowingly-**
(1) in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, or obtains by any means a person . . . . knowing that force, fraud, or coercion . . . will be used to cause the person to engage in a commercial sex act, or that the person has not obtained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished. . . 18 U.S.C. § 1591(a)(1).

[5] **Section 2422(b) provides:**
(b) Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 5 years and not more than 30 years. 18 U.S.C.§2422(b).

tourism." Congress specifically passed this act to criminalize illicit sexual acts taking place entirely outside the United States. Congress realized the potential effects of domestic harm that come with foreign sex trafficking of minors. Congress purposefully passed this statute in order to stop United States citizens from traveling abroad in order to engage in commercial sex acts with minors. It is clear that the conduct prohibited by § 2423(c) arises in the context of international travel. The face of the statute plainly evinces Congressional intent to prohibit United States citizens, such as Strevell, from traveling abroad in order to engage in illicit sex with minors. The language and history of § 2423(c) undercuts any claim that the statute is not intended to have extraterritorial application.

With regard to counts II and III, both counts charged Strevell with using interstate and foreign commerce in an attempt to obtain and entice a minor for prostitution. The question of whether the charged statutes in counts II and III apply to foreign conduct is irrelevant. Unlike count I, the charged statutes in counts II and III criminalize the use of interstate commerce in an attempt to obtain and entice a minor for prostitution. Although all of Strevell's actions occurred in the United States, it is clear that he used means of interstate commerce in attempting to obtain and entice a minor for sex. He made numerous phone calls from Philadelphia to Miami in order to arrange his sexual encounter in Costa Rica. He purchased his sexual vacation in the United States, and on July 11, 2004, he

8

attempted to board a plane from Miami to Costa Rica in order to meet one, if not two, 14-year-old prostitutes. Strevell's convictions on counts II and III were based on domestic conduct and are not subject to challenge.

In addition to challenging the jurisdiction of the district court, Strevell alleges he can prove plain error in his convictions. Strevell argues that the court constructively amended the indictment when it permitted a conviction based on conduct that occurred outside the dates charged in the indictment. He contends that the language "on or about" used in the indictment was insufficient to include his criminal conduct. Because Strevell raised this argument for the first time on appeal, we review for plain error. This court has discretion to correct an error where: (1) an error occurred, (2) the error was plain, (3) the error affected substantial rights, and (4) the error seriously affects the fairness and integrity of judicial proceedings. United States v. Duncan, 400 F.3d 1297, 1301 (11th Cir. 2005).

Strevell has failed to prove error or injustice in this case. It is long-settled that "when the government charges that an offense occurred 'on or about' a certain date, the defendant is on notice that the charge is not limited to the specific date or dates set out in the indictment." See United States v. Reed, 887 F.2d 1398, 1403 (11th Cir. 1989) (finding no error in a one-month difference). Moreover, it is sufficient for the government to prove a date reasonably near the date specified in

the indictment. According to the record, the indictment charged that Strevell committed the offense "on or about" July 11, 2004. The phone calls started on June 2, 2004, and continued throughout the month of June. Furthermore, Strevell attempted to board a plane from Miami to Costa Rica on July 11, 2004. It is clear the indictment identified a reasonable time period and that there was no constructive amendment to the indictment. Strevell has failed to demonstrate plain error.

## V. Conclusion

The district court had jurisdiction to convict Strevell pursuant to count I because Congress has the authority to enact laws that extend beyond our territorial boundaries, and it is clear from the history and language of the charged statute that it did so. In addition, Strevell was properly prosecuted under counts II and III because it is undisputed that Strevell used means of interstate commerce in attempting to obtain and entice a minor to engage in prostitution. Finally, Strevell has failed to prove that plain error existed as to any alleged constructive amendment.

AFFIRMED.