[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 21, 2006
THOMAS K. KAHN
CLERK

No. 05-13517
Non-Argument Calendar

----------------------------------------

D.C. Docket  No. 04-00081-CR-T-17-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLAYTON HUMPHRIES-BRANT,
a. k. a. Clayton Humphries Brant,

Defendant-Appellant.

----------------------------------------------------------------
Appeal from the United States District Court
for the Middle District of Florida
----------------------------------------------------------------

**(July 21, 2006)**

Before EDMONDSON, Chief Judge, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Defendant-Appellant Clayton Humphries-Brant appeals his conviction and

135-month sentence for possession with intent to distribute and conspiracy to

possess with intent to distribute, five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C. App. § 1903(a), (g), (j)); 21 U.S.C. § 960(b)(1)(B). No reversible error has been shown; we affirm.

In February 2004, the United States Coast Guard intercepted a "go-fast" boat transporting cocaine off the coast of Colombia; the boat carried 89 bales of cocaine totaling approximately 2000 kilograms. Defendant was one of four crew members aboard the boat; one of the four was the captain and another was charged with overseeing the operation. Defendant pleaded guilty without a plea agreement. At sentencing, Defendant objected to the failure of the PSI to award him a mitigating role adjustment under U.S.S.G. § 3B1.2. No jurisdictional challenge was advanced during the plea colloquy or at sentencing.

On appeal, Defendant for the first time raises a challenge to the constitutionality of the MDLEA. According to Defendant, the MDLEA represents an ultra vires exercise of Congressional power under Article I, Section 8, Clause 10, the Piracies and Felonies Clause. Defendant maintains that Congressional power to legislate extra-territorially under the Piracies and Felonies Clause does not encompass authority to criminalize drug trafficking among stateless vessels on the high seas. Defendant argues that the district court erred when it failed to

2

dismiss sua sponte the indictment against him because the MDLEA is unconstitutional.

Plain error review ordinarily applies to issues not presented to the district court. Because Defendant characterizes his constitutional challenge to the MDLEA as jurisdictional, Defendant argues that de novo review applies.[1] We conclude that the district court committed no error -- plain or otherwise -- by failing to dismiss sua sponte the indictment: the MDLEA does not exceed Congress's constitutional authority under the Piracies and Felonies Clause.

The Piracies and Felonies Clause empowers Congress "To define and punish Piracies and Felonies committed on the high Seas, and Offences against the Law of Nations." U.S. Const. Art. I, § 8, cl.10. In enacting the MDLEA, Congress found and declared these things:

> trafficking in controlled substances aboard vessels is a serious international problem and is universally condemned. Moreover, such trafficking presents a specific threat to the security and societal well-being of the United States.

---

[1]If we accept that the thrust of Defendant's claim is a challenge to the district court's subject matter jurisdiction, de novo review applies. See United States v. Giraldo-Prado, 150 F.3d 1328, 1329 (11th Cir. 1998) (reviewing de novo a challenge to the district court's subject matter jurisdiction for the first time on appeal). If, instead, we treat Defendant's claim as a constitutional challenge to Congressional authority to enact the MDLEA under the Piracies and Felonies Clause, plain error review applies. See United States v. Williams, 121 F.3d 615, 618 (11th Cir. 1997) ( reviewing for plain error challenge to the constitutionality of a federal statute raised for first time on appeal).

46 U.S.C. app. § 1902. The MDLEA provides, in relevant part, that "[i]t is unlawful for any person ... on board a vessel subject to the jurisdiction of the United States ... to possess with intent to manufacture or distribute, a controlled substance." 46 U.S.C. app § 1903(a). A "vessel subject to the jurisdiction of the United States" includes "a vessel without nationality." 46 U.S.C. app. § 1903(c)(1)(A).

We have already rejected a facial challenge to the MDLEA based on a lack of a "meaningful relationship" to the United States, see United States v. Mena, 863 F.2d 1522, 1527 (11th Cir. 1989); neither this Circuit nor other circuits have imposed upon the MDLEA a nexus requirement between a defendant's criminal conduct and the United States. See United States v. Rendon, 354 F.3d 1320, 1325 (11th Cir. 2003). And the circuits that have considered the authority of Congress to enact the MDLEA pursuant to the Piracies and Felonies Clause have affirmed expressly the constitutionality of the MDLEA. See United States v. Moreno-Morillo, 334 F.3d 819, 824 (9th Cir. 2003) ("Congress ... was acting within its constitutionally conferred authority [under the Piracies and Felonies Clause] when it passed the MDLEA."); United States v. Ledesma-Cuesta, 347 F.3d 527, 532 (3d Cir. 2003) ("Congress had authority to enact [the MDLEA] pursuant to its constitutional power to: define and punish Piracies and Felonies committed on the

4

high seas, and Offences against the Law of Nations." (Internal quotation and citation omitted). We reject Defendant's argument that the MDLEA represented an ultra vires exercise of Congressional power under the Piracies and Felonies Clause; the district court exercised properly subject-matter jurisdiction.[2]

About the sentence imposed, Defendant argues that (1) the district court erred when it failed to award him a minor role adjustment pursuant to U.S.S.G. § 3B1.2; and (2) the 135-month sentence was unreasonable in the light of the 18 U.S.C. § 3553(a) factors and the Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005).[3] We disagree.

Defendant argues that he was a low-level crewman who played no integral part in the overall conspiracy. Defendant contends that because he had no equity interest in the drugs, no decision-making authority, and no role in planning the

---

[2]Also without merit is Defendant's argument that 46 U.S.C. app. § 1903(f), which provides that "[a]ll jurisdictional issues arising under [the MDLEA] are preliminary questions of law to be determined solely by the trial judge," is unconstitutional under United States v. Gaudin, 115 S.Ct. 2310 (1995). As Defendant recognizes, we rejected a Gaudin challenge to section 1903 in United States v. Tinoco, 304 F.3d 1088, 1109-1110 (11th Cir. 2002). We are bound to follow Tinoco under the prior-precedent rule. See United States v. Marte, 356 F.3d 1336, 1344 (11th Cir. 2004) (only Supreme Court or this Court sitting en banc can judicially overrule a prior panel decision).

[3]The government argues that we are without jurisdiction under 18 U.S.C. § 3742 to review the reasonableness of a sentence within the advisory guidelines range. That argument was rejected in United States v. Martinez, 434 F.3d 1318, 1322 (11th Cir.), petition for cert. filed, (U.S. May 30, 2006) (No. 05-11248): "a post-Booker appeal based on the 'unreasonableness' of a sentence, whether within or outside the advisory guidelines range, is an appeal asserting that the sentence was imposed in violation of law pursuant to § 3742(a)(1)." .

criminal scheme or distribution of the drugs, he was less culpable than many of the other people involved in the conspiracy.

Section 3B1.2(b) of the United States Sentencing Guidelines allows for a two-level reduction in a defendant's base offense level if the sentencing court determines that the defendant was a minor participant in the offense. A minor participant is a participant "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2(b), comment. (n.5.). In United States v. De Varon, 175 F.3d 930 (11th Cir. 1999), we set out two measurements that inform the sentencing court's mitigating-role-in-the-offense determination: (1) the defendant's role against the relevant conduct for which he has been held accountable; and (2) the defendant's role as compared to that of other participants in his relevant conduct. Id. at 940. About the first measurement, De Varon counsels that "[o]nly if the defendant can establish that [he] played a relatively minor role in the conduct for which [he] has already been held accountable -- not a minor role in any larger criminal conspiracy -- should the district court grant a downward adjustment for minor role in the offense." Id. at 944. About the second measurement, De Varon counsels that this relative culpability inquiry includes "only those participants who were involved in the relevant conduct attributed to the defendant. The conduct of participants in any

6

larger criminal conspiracy is irrelevant." Id. The first measurement is the most important and, in many cases, may end the inquiry. Id. at 945.

The district court's decision to deny Defendant a minor-role reduction is supported by the record. Defendant failed to show that he played a minor role in the relevant conduct for which he was held accountable. Defendant's offense involved 2,000 kilograms of cocaine; he was held accountable for no larger quantity. Where the relevant conduct for which a defendant is held accountable is identical to the defendant's actual conduct, no minor role entitlement may be established simply by referencing some broader criminal scheme. See De Varon, 175 F.3d at 941. Also, in the drug courier context, a large amount of drugs itself is an important factor -- maybe even a dispositive factor -- in determining the availability of a minor role adjustment. Id. at 943 ("[T]he amount of drugs imported is a material consideration in assessing a defendant's role in [his] relevant conduct....[W]e do not foreclose the possibility that amount of drugs may be dispositive...."). No record evidence distinguishes significantly Defendant's culpability from that of other crew members.[4] "The proponent of the downward adjustment ... always bears the burden of proving a mitigating role in the offense

---

[4]We accept that the boat's captain played a larger role than that of Defendant; the captain received a role enhancement at sentencing. That the captain merited an upward role adjustment does not mean that the others on the boat were not each average participants in the offense conduct.

by a preponderance of the evidence." De Varon, 175 F.3d at 939. Defendant

failed to show that he was "less culpable than *most other participants* in [his]

relevant conduct." Id. at 944 (emphasis in original).

About the reasonableness of the sentence imposed, Defendant argues that

his 135-month sentence is unreasonable because the sentence exceeds that which

is necessary to fulfill the statutory purposes of sentencing set out in section

3553(a).      Under section 3553(a), a district court should consider, among other

things, the nature and circumstances of the offense, the history and characteristics

of the defendant, the need for adequate deterrence and protection of the public,

policy statements of the Sentencing Commission, provision for the medical and

educational needs of the defendant, and the need to avoid unwarranted sentencing

disparities. See 18 U.S.C. § 3553(a)(1)-(7). A sentence within the advisory

guidelines range is not per se reasonable, United States v. Talley, 431 F.3d 784,

786 (11th Cir. 2005); but "ordinarily we would expect a sentence within the

Guidelines range to be reasonable." Id. at 788. Reasonableness review is

"deferential." Id.

The record reflects that the district court considered the section 3553(a)

sentencing factors; the district court stated expressly that a sentence at the low end

of the guideline range "satisfies the statutory purpose of sentencing." Defendant

fails to show that the sentence imposed was unreasonable when measured against the record. See Talley, 341 F.3d at 788 ("the party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a).").

   **AFFIRMED.**