[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 05-16280
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 31, 2006
THOMAS K. KAHN
CLERK

D.C. Docket  No. 05-00194-CR-T-26-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CEFERINO VARGAS-MEDINA,

Defendant-Appellant.

----------------------------------------------
Appeal from the United States District Court
for the Middle District of Florida
----------------------------------------------

**(October 31, 2006)**

Before EDMONDSON, Chief Judge, ANDERSON and BIRCH, Circuit Judges.

PER CURIAM:

Defendant-Appellant Ceferino Vargas-Medina appeals his conviction and

135-month sentence for possession with intent to distribute and conspiracy to

possess with intent to distribute, five kilograms or more of cocaine while on board

a vessel subject to the jurisdiction of the United States, in violation of the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C. App. § 1903(a), (g), (j)); 21 U.S.C. § 960(b)(1)(B). No reversible error has been shown; we affirm.

In May 2005, the United States Coast Guard launched a helicopter to monitor the Dos Continentes, a Panamanian fishing vessel in international waters. The Dos Continentes was carrying approximately 65 bales -- over 1600 kilograms -- of cocaine. When the captain of the Dos Continentes detected the helicopter above the vessel, he ordered the crew to burn the vessel. Defendant and three other co-defendant crew members jumped off the boat once it caught fire; they were rescued by the Coast Guard.

Defendant pleaded guilty without a plea agreement. At sentencing, Defendant objected to the failure of the PSI to award him a mitigating role adjustment under U.S.S.G. § 3B1.2. Defendant requested that the district court impose a sentence below the advisory guidelines range; his request was denied. No jurisdictional challenge was advanced during the plea colloquy or at sentencing.

On appeal, Defendant for the first time raises a challenge to the constitutionality of the MDLEA. According to Defendant, the MDLEA represents an ultra vires exercise of Congressional power under Article I, Section 8, Clause

2

10, the Piracies and Felonies Clause. Defendant maintains that Congressional power to legislate extra-territorially under the Piracies and Felonies Clause does not encompass authority to criminalize drug trafficking among stateless vessels on the high seas. Defendant maintains that the MDLEA is unconstitutional because drug trafficking falls outside the scope of each of the operative terms: "felonies," "piracies," and "offences against the law of nations."

Plain error review ordinarily applies to issues not presented to the district court. Because Defendant characterizes his constitutional challenge to the MDLEA as jurisdictional, Defendant argues that de novo review applies.[1] We conclude that the district court committed no error -- plain or otherwise -- by failing to dismiss sua sponte the indictment.

The Piracies and Felonies Clause empowers Congress "To define and punish Piracies and Felonies committed on the high Seas, and Offences against the Law of Nations." U.S. Const. Art. I, § 8, cl.10. In enacting the MDLEA, Congress found and declared these things:

---

[1] If we accept that the thrust of Defendant's claim is a challenge to the district court's subject matter jurisdiction, de novo review applies. See United States v. Giraldo-Prado, 150 F.3d 1328, 1329 (11th Cir. 1998) (reviewing de novo a challenge to the district court's subject matter jurisdiction for the first time on appeal). If, instead, we treat Defendant's claim as a constitutional challenge to Congressional authority to enact the MDLEA under the Piracies and Felonies Clause, plain error review applies. See United States v. Williams, 121 F.3d 615, 618 (11th Cir. 1997) ( reviewing for plain error challenge to the constitutionality of a federal statute raised for first time on appeal).

3

> trafficking in controlled substances aboard vessels is a serious international problem and is universally condemned. Moreover, such trafficking presents a specific threat to the security and societal well-being of the United States.

46 U.S.C. app. § 1902. The MDLEA provides, in relevant part, that "[i]t is unlawful for any person ... on board a vessel subject to the jurisdiction of the United States ... to possess with intent to manufacture or distribute, a controlled substance." 46 U.S.C. app § 1903(a). A "vessel subject to the jurisdiction of the United States" includes "a vessel without nationality." 46 U.S.C. app. § 1903(c)(1)(A).

In United States v. Estupinan, 453 F.3d 1336, 1338 (11th Cir. 2006), a case presenting almost identical facts to the instant appeal, we wrote that "the district court committed no error in failing to sua sponte rule that Congress exceeded its authority under the Piracies and Felonies Clause in enacting the

4

MDLEA."[2]  Estupinan makes clear that the district court exercised properly

subject-matter jurisdiction.[3]

About the sentence imposed, Defendant argues that (1) the district court

erred when it failed to award him a minor role adjustment pursuant to U.S.S.G. §

3B1.2; and (2) the 135-month sentence was unreasonable in the light of the 18

U.S.C. § 3553(a) factors and the Supreme Court's decision in United States v.

Booker, 125 S.Ct. 738 (2005). We disagree.

In support of his minor participant argument, Defendant contends that he

was merely a crewman on the Dos Continentes taking orders from and acting at

---

[2]This Circuit earlier had rejected other constitutional challenges to the MDLEA.  See United States v. Rendon, 354 F.3d 1320, 1325 (11th Cir. 2003 (rejecting argument that MDLEA is unconstitutional because the conduct at issue lacks nexus to United States); United States v. Mena, 863 F.2d 1522, 1527 (11th Cir. 1989) (rejecting a facial challenge to the MDLEA based on a lack of a "meaningful relationship" to the United States); United States v. Tinoco, 304 F.3d 1088, 1110 n.21 (11th Cir. 2002) (rejecting United States v. Gaudin, 115 S.Ct. 2310 (1995) due process challenge to provision in MDLEA, 46 U.S.C. app. § 1903(f), which provides that "[a]ll jurisdictional issues arising under [the MDLEA] are preliminary questions of law to be determined solely by the trial judge."

[3]Other circuits that have considered the authority of Congress to enact the MDLEA pursuant to the Piracies and Felonies Clause also have affirmed expressly the constitutionality of the MDLEA. See Moreno-Morillo, 334 F.3d at 824 ("Congress ... was acting within its constitutionally conferred authority [under the Piracies and Felonies Clause] when it passed the MDLEA."); Ledesma-Cuesta, 347 F.3d at 532 ("Congress had authority to enact [the MDLEA] pursuant to its constitutional power to: define and punish Piracies and Felonies committed on the high seas, and Offences against the Law of Nations." (Internal quotation and citation omitted); see also, United States v. Suerte, 291 F.3d 366, 377 (5th Cir. 2002) (stating that the MDLEA represents an extremely limited exercise of the Piracies and Felonies clause power).

the direction of the captain. Defendant cites the absence of evidence to show that he (i) had an equity interest in the Dos Continentes or a proprietary interest in the drugs, (ii) recruited other crew members, or (iii) played a role in planning the criminal scheme or distribution of the drugs. According to Defendant, he was simply a courier who was unnecessary to the success of the operation.

Section 3B1.2(b) of the United States Sentencing Guidelines allows for a two-level reduction in a defendant's base offense level if the sentencing court determines that the defendant was a minor participant in the offense. A minor participant is a participant "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2(b), comment. (n.5.). In United States v. De Varon, 175 F.3d 930 (11th Cir. 1999), we set out two measurements that inform the sentencing court's mitigating-role-in-the-offense determination: (1) the defendant's role against the relevant conduct for which he has been held accountable; and (2) the defendant's role as compared to that of other participants in his relevant conduct. Id. at 940. About the first measurement, De Varon counsels that "[o]nly if the defendant can establish that [he] played a relatively minor role in the conduct for which [he] has already been held accountable -- not a minor role in any larger criminal conspiracy -- should the district court grant a downward adjustment for minor role in the offense." Id. at

6

944. About the second measurement, De Varon counsels that this relative culpability inquiry includes "only those participants who were involved in the relevant conduct attributed to the defendant. The conduct of participants in any larger criminal conspiracy is irrelevant." Id. The first measurement is the more important and, in many cases, may end the inquiry. Id. at 945.

The district court's decision to deny Defendant a minor-role reduction is supported by the record. Defendant failed to show that he played a minor role in the relevant conduct for which he was held accountable. Defendant's offense involved approximately 1,600 kilograms of cocaine; he was held accountable for no larger quantity. Where the relevant conduct for which a defendant is held accountable is identical to the defendant's actual conduct, no minor role entitlement may be established simply by referencing some broader criminal scheme. See De Varon, 175 F.3d at 941. Also, in the drug courier context, a large amount of drugs itself is an important factor -- maybe even a dispositive factor -- in determining the availability of a minor role adjustment. Id. at 943 ("[T]he amount of drugs imported is a material consideration in assessing a defendant's role in [his] relevant conduct....[W]e do not foreclose the possibility that amount of drugs may be dispositive....").

No record evidence distinguishes significantly Defendant's culpability from that of other crew members; he was part of a very small group of similarly-situated men.[4]  "The proponent of the downward adjustment ... always bears the burden of proving a mitigating role in the offense by a preponderance of the evidence." De Varon, 175 F.3d at 939.  Defendant failed to show that he was "less culpable than *most other participants* in [his] relevant conduct." Id. at 944 (emphasis in original).  The district court committed no clear error in refusing to grant Defendant a minor-role adjustment.

About the reasonableness of the sentence imposed, Defendant argues that his 135-month sentence, which he claims was determined almost exclusively by the quantity of drugs involved, is unreasonable given the statutory purposes of sentencing set out in section 3553(a).  We disagree.

Post-Booker, United States v. Booker, 125 S.Ct. 738 (2005), a district court must calculate correctly the advisory Sentencing Guidelines range and then, using the section 3553(a) sentencing factors, the court can impose a more severe or more lenient sentence as long as it is reasonable.  United States v. Crawford, 407 F.3d 1174, 1179 (11th Cir. 2005).  A sentence within the advisory guidelines range is

---

[4]We accept that the boat's captain played a larger role than that of Defendant; the captain received a role enhancement at sentencing. That the captain merited an upward role adjustment does not mean that the others on the boat were not each average participants in the offense conduct.

not per se reasonable, United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005); but "ordinarily we would expect a sentence within the Guidelines range to be reasonable." Id. at 788. Reasonableness review is "deferential." Id.

The district court stated expressly that the section 3553(a) sentencing factors guided its decision; the district court determined that a sentence at the low end of the guideline range was reasonable and was consistent with the sentences imposed by the court in other similar cases. We are unpersuaded by Defendant's claim that the sentence was unreasonable because it rested almost exclusively on the quantity of drugs, a matter over which Defendant had no control. The district court imposed a sentence at the bottom of the advisory guidelines range and far from the statutory maximum of life imprisonment. See United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005) (comparing sentence imposed to statutory maximum in reasonableness determination). Nothing in the record persuades us that the sentence imposed was unreasonable in the light of the section 3553(a) factors.

AFFIRMED.