[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 05, 2009
THOMAS K. KAHN
CLERK

_____

No. 07-10702
Non-Argument Calendar

_____

D. C. Docket No. 04-60200-CR-KAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HOWARD ALFRED HENRY, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 5, 2009)**

Before TJOFLAT, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

After pleading guilty, Howard Alfred Henry, Jr., proceeding <u>pro se</u>, appeals

his conviction and 30-month sentence for mail fraud. After review, we affirm in part and dismiss in part.

## I. HENRY'S PRO SE STATUS

Henry retained attorney Jason Kreiss to represent him in the district court. After the district court entered its judgment and conviction, Henry filed a notice of appeal; Kreiss moved in the district court to withdraw as Henry's counsel. The district court held a hearing on Kreiss's motion, and both Kreiss and Henry appeared. After the hearing, the district court granted Kreiss's motion to withdraw as Henry's counsel. Also, because Henry informed the court that he still owned multiple properties, the district court determined that he was not indigent and thus declined to appoint new counsel to represent him on appeal.

At the end of the hearing, Henry indicated that he wanted Kreiss to file a notice with this Court voluntarily dismissing his appeal so he could file a 28 U.S.C. § 2255 motion to vacate. However, Henry later informed this Court that he wanted to withdraw the notice dismissing his appeal. Although this Court has sent Henry multiple letters regarding appointment of counsel, Henry has not filed a motion for appointment of counsel on appeal. Instead, he has filed a pro se appellate brief.[1] Thus, we will address the issues raised in Henry's pro se appeal.

---

[1]Henry also has filed a pro se motion to supplement the record, which we hereby grant.

## II.  DISCUSSION

First, Henry alleges that the district court lacked subject matter jurisdiction because the indictment did not charge him with a federal mail fraud offense.[2] Henry pled guilty to one count of mail fraud, in violation of 18 U.S.C. § 1341.

The indictment alleged that Henry and his codefendants devised a fraudulent scheme of creating false deeds that conveyed real property from unsuspecting property owners to the defendants or their nominees, caused the deeds to be recorded in the public record, and used the deeds either to sell the property or to secure mortgage loans.  The indictment further alleged that they caused documents to be transmitted by the United States Postal Service and private and commercial interstate carriers "for the purpose of executing the scheme and artifice to defraud." The mail fraud count, to which Henry pled guilty, charged that he and his codefendants caused "[d]ocuments and checks related to the sale of property" in Fort Lauderdale, Florida to be "transmitted via United Parcel Service, a commercial interstate carrier," from a Florida title company to a Fort Lauderdale county tax collector's office.

The federal mail fraud statute encompasses transactions occurring by use of "any private or commercial interstate carrier," 18 U.S.C. § 1341, even if the

_____

[2]"The district court's subject-matter jurisdiction is a question of law subject to de novo review."  United States v. Giraldo-Prado, 150 F.3d 1328, 1329 (11th Cir. 1998).

3

conduct charged took place entirely intrastate, United States v. Hasner, 340 F.3d 1261, 1270 (11th Cir. 2003).  Thus, the district court had subject matter jurisdiction over the mail fraud charges against Henry, and we affirm Henry's conviction.

Second, Henry seeks to challenge the loss amount used at sentencing. However, Henry's written plea agreement contained a sentence appeal waiver that waived his right to appeal his sentence unless he was sentenced above the statutory maximum or the government appealed.[3]  A sentence appeal waiver is enforceable if it is entered into knowingly and voluntarily.  United States v. Bushert, 997 F.2d 1343, 1350 (11th Cir. 1993).  This requirement is satisfied by a showing "that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the Rule 11 colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver."  Id. at 1351.

Henry's sentence appeal waiver is valid and enforceable because the district court specifically questioned Henry about the sentence appeal waiver at the plea colloquy and ensured that Henry understood the full significance of the waiver.  In response to the district court's questions, Henry said that (1) he understood that he normally would have a right to appeal his sentence, (2) he knew that his plea

_____

[3]We review de novo the validity of a sentence appeal waiver.  United States v. Benitez-Zapata, 131 F.3d 1444, 1446 (11th Cir. 1997).

4

agreement contained a waiver of those appeal rights with two limited exceptions, (3) he had discussed his right to appeal with his attorney, and (4) he agreed to the appeal waiver freely and voluntarily. Because Henry entered into a valid, enforceable sentence appeal waiver and his sentence claim on appeal does not fall within the limited exceptions to the waiver, we dismiss his appeal with prejudice as to his sentencing claim. See United States v. Buchanan, 131 F.3d 1005, 1009 (11th Cir. 1997) (stating that an appeal presenting claims that fall within an enforceable sentence appeal waiver should be dismissed).

Finally, Henry seeks to raise several claims of ineffective assistance of trial counsel on appeal. "We will not generally consider claims of ineffective assistance of counsel raised on direct appeal where the district court did not entertain the claim nor develop a factual record." United States v. Bender, 290 F.3d 1279, 1284 (11th Cir. 2002). Because Henry did not raise his ineffective assistance of counsel claims in the district court and did not develop a sufficient factual record for review at this time, we dismiss these claims without prejudice to Henry's remedy under 28 U.S.C. § 2255. See United States v. Khoury, 901 F.2d 948, 969 (11th Cir. 1990).

**AFFIRMED IN PART, DISMISSED WITH PREJUDICE IN PART, AND DISMISSED WITHOUT PREJUDICE IN PART.**