[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11315
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 10, 2010
JOHN LEY
CLERK

D.C. Docket No. 1:88-cr-01007-MP-AK-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIE BUD REED, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(December 10, 2010)

Before BLACK, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Willie Bud Reed, Jr., proceeding pro se, appeals the district court's order dismissing, for lack of jurisdiction, (1) his motion to revisit the denial of his request for a new trial, filed under Fed.R.Crim.P. 33 (hereafter "the Rule 33 motion"), and (2) a Fed.R.Civ.P. 60(b) motion for reconsideration of a prior order denying his Fed.R.Crim.P. 41 motion for return of property (hereafter "the Rule 60(b) motion"). Reed argues that the district court abused its discretion by dismissing these motions for lack of jurisdiction because his collateral Rule 33 and Rule 60(b) motions addressed distinct and separate issues from those in his 18 U.S.C. § 3582(c)(2) appeal pending with this Court, and the district court therefore erred in concluding that the § 3582(c)(2) appeal divested it of jurisdiction to rule on the collateral motions. After careful review, we vacate and remand.

We review a district court's dismissal for lack of subject matter jurisdiction de novo. United States v. Giraldo-Prado, 150 F.3d 1328, 1329 (11th Cir. 1998). "The filing of a notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Thompson v. RelationServe Media, Inc., 610 F.3d 628, 638 n.14 (11th Cir. 2010) (quotation omitted). "The general rule regarding divestiture of jurisdiction, however, does not apply to collateral matters not

2

affecting the questions presented on appeal." Weaver v. Fla. Power & Light Co., 172 F.3d 771, 773 (11th Cir. 1999).

Here, Reed's notice of appeal filed in December 2009 requested review only of the denial of his motions to reconsider his § 3582 motion to reduce sentence. The motions related to Rule 60 and Rule 33 that Reed subsequently filed with the district court attacked his conviction and requested the return of his property -- separate and distinct from the issues raised in his notice of appeal on the § 3582 sentencing issue. See Thompson, 610 F.3d at 638 n.14. Consequently, Reed's filing of a notice of appeal on the denial of his motions to reconsider his § 3582 motion did not divest the district court of jurisdiction to consider the merits of his collateral Rule 33 and Rule 60(b) motions, as those matters were unrelated to the questions presented in his § 3582(c)(2) appeal. See Weaver, 172 F.3d at 773.

Accordingly, because the district court erred in concluding that Reed's appeal from the denial of his motions for reconsideration of his § 3582(c)(2) motion divested it of jurisdiction to consider his unrelated Rule 33 and Rule 60(b) motions, we vacate the dismissal order and remand for determination of the merits of these motions. We note that we express no opinion whatsoever as to the procedural or substantive merit of Reed's claims contained in these motions.

**VACATED AND REMANDED.**