[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-11308
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 31, 2012
JOHN LEY
CLERK

D. C. Docket No. 1:92-cr-00001-WLS-3

UNITED STATES OF AMERICA,

                                                            Plaintiff-Appellee,

versus

JOHN WILLIE HICKS,
a.k.a Maine,

                                                            Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Georgia
_____
(January 31, 2012)

Before TJOFLAT, EDMONDSON and FAY, Circuit Judges.


PER CURIAM:

John Willie Hicks, proceeding pro se, appeals his 36-month sentence

imposed upon revocation of his supervised release. No reversible error has been

shown; we affirm.

While serving a term of supervised release for a prior drug offense, Hicks was arrested and charged with a second drug offense. As a result, because the conditions of Hicks's supervised release required that he refrain from violating the law, the government filed a petition to revoke his supervised release. In March 2005, the district court issued a bench warrant for Hicks's arrest based on the revocation petition and tolled the sentence of supervision, pending resolution of the underlying criminal charges.

After pleading guilty pursuant to a plea agreement, Hicks was convicted of his second drug offense and was sentenced to 70 months' imprisonment. Upon his release from prison, he was turned over to federal custody pursuant to the 2005 bench warrant. The district court held a revocation hearing in March 2010 and sentenced Hicks to 36 months' imprisonment for violating the terms of his supervised release.

On appeal, Hicks argues that the district court lacked jurisdiction to revoke his supervised release. He contends his term of supervised release expired on 30 July 2005 and the five-year delay in conducting his revocation hearing was not "reasonably necessary" for purposes of 18 U.S.C. § 3583(i),[1] such that the court

---

[1] 18 U.S.C. § 3583(i) provides:

The power of the court to revoke a term of supervised release for violation of a

could extend its jurisdiction beyond the expiration of his supervised release term. Although Hicks raises this argument for the first time on appeal, we review jurisdictional claims de novo. See United States v. Giraldo-Prado, 150 F.3d 1328, 1329 (11th Cir. 1998).

As an initial matter -- although not addressed by the parties -- we must determine whether Hicks's term of supervised release actually expired before his revocation hearing. We conclude that it did not.

Hicks's five-year term of supervised release started running on 31 July 2000, the day he was released from prison for his first drug offense. See 18 U.S.C. § 3624(e) (providing that a "term of supervised release commences on the day the person is released from imprisonment"). It then continued to run until 2 March 2005, when the district court tolled it pending resolution of the criminal charges for Hicks's second drug offense. At that point, 150 days remained in the term. The term remained tolled while Hicks served his 70-month prison sentence for the second drug offense and did not begin running again until he was released on 27 November 2009. See 18 U.S.C. § 3624(e) (stating that "[a] term of supervised

---

condition of supervised release, and to order the defendant to serve a term of imprisonment . . . extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.

3

release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days."). Hicks's revocation hearing was then held on 10 March 2010, fewer than 150 days later. Because Hicks's term of supervised release did not expire before his revocation hearing, the district court retained jurisdiction to revoke the release pursuant to section 3583(e)(3) and did not need to extend its jurisdiction pursuant to section 3583(i). Thus, Hicks's argument is without merit.

Hicks also argues that the five-year delay between the issuance of his bench warrant and his revocation hearing violated his due process rights under the Fifth Amendment and violated Fed.R.Crim.P. 32.1(b). Because he did not raise these objections below, we review only for plain error. See United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005).

Defendants involved in revocation proceedings are entitled to a certain minimal due process, including (1) written notice of the claimed violations, (2) disclosure of evidence, (3) an opportunity to be heard in person and present evidence, (4) the opportunity to confront witnesses, (5) a neutral and detached decision maker, and (6) a written statement by the decision maker setting forth the evidence upon which it relied and its reasons for revoking supervision. Morrissey

4

v. Brewer, 92 S. Ct. 2593, 2604 (1972). In addition, Rule 32.1(b) requires that a person "in custody for violating a condition of . . . supervised release" be afforded a "prompt[]" probable cause hearing and, if probable cause is found, a revocation hearing "within a reasonable time." Fed.R.Crim.P. 32.1(b)(1)(A), (2).

Hicks does not allege -- and nothing evidences -- that he was denied the minimum due process requirements set forth in Morrissey. Instead, his claim relies solely on the alleged delay in his revocation hearing. But Hicks was not "in custody for violating a condition of . . . [his] supervised release" until 27 November 2009, when he was transferred into federal custody pursuant to the 2005 bench warrant. A probable cause hearing was then held on 1 February 2010, and a revocation hearing was held on 10 March 2010. Based on this record, we are not convinced that the timing of Hicks's revocation hearing violated Rule 32.1(b) or that the district court committed plain error.

Hicks also argues that the government violated the terms of his plea agreement by seeking to revoke his supervised release. Whether the government breached a plea agreement is a question of law that we review de novo. United States v. Copeland, 381 F.3d 1101, 1104 (11th Cir. 2004).

A material promise made by the government to induce a defendant to plead guilty is binding and must be fulfilled. Id. at 1105. Thus, in examining whether

5

the government breached a plea agreement, we must first determine the scope of its promises. Id. To determine the meaning of a disputed term in the plea agreement, we apply an objective standard, deciding whether the government's acts were consistent with what the defendant reasonably understood when he pleaded guilty. Id. Because we conclude that the language in Hicks's plea agreement was unambiguous, our review is limited to the meaning of that language. See id. at 1106.

Hicks's plea agreement, in which he pleaded guilty in the Eastern District of Virginia to his second drug offense, included this provision, entitled "Immunity from Further Prosecution in this District and Others":

> The United States will not further criminally prosecute the defendant in the Eastern District of Virginia for the specific conduct described in the indictment or statement of facts. In addition, the United States Attorney for the Middle District of Georgia will not prosecute the defendant for drug related possessions and distributions which are subject to a criminal investigation that occurred in that district within the last six years.

The plain language of this provision focuses on Hicks's immunity from criminal prosecutions for other drug offenses connected with the charges to which he was pleading guilty.[2] Because the revocation of supervised release is not considered a

---

[2] The record evidences that when Hicks was arrested pursuant to the indictment and warrant issued in the Virginia case, he was in Georgia and found in possession of several kilograms of cocaine.

6

"criminal prosecution," the plea agreement cannot reasonably be interpreted to include a promise by the government not to seek revocation of Hicks's supervised release.  See United States v. Cunningham, 607 F.3d 1264, 1267-68 (11th Cir. 2010) (concluding that, because revocation of supervised release is not part of a criminal prosecution, a defendant is not entitled to a trial by jury or a beyond-a-reasonable-doubt standard).  As a result, we reject Hicks's contention that the government breached the plea agreement.

AFFIRMED.