[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11445
Non-Argument Calendar

_____

D.C. Docket No. 0:12-cr-60059-JIC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAUL ANTONIO ZAPATA CALDERON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 24, 2020)

Before GRANT, LUCK and BLACK, Circuit Judges.

PER CURIAM:

Raul Antonio Zapata Calderon, a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion for early release under the Second Chance Act of 2007, Pub. L. No. 110-199, 122 Stat. 657, as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194. Calderon contends the district court erred in denying his motion because he met the revised criteria for early release. Additionally, Calderon asserts the district court's denial was a violation of his Fifth Amendment equal protection and due process rights. After review,[1] we affirm the district court.

The Second Chance Act requires the Attorney General "conduct a pilot program to determine the effectiveness of removing eligible elderly offenders . . . from Bureau of Prisons [BOP] facilities and placing [them] on home detention until the expiration of the prison term to which the offender was sentenced." 34 U.S.C. § 60541(g)(1)(A). In executing the program, the Second Chance Act provides that "the Attorney General *may* release some or all eligible elderly offenders . . . upon written request from either the [BOP] or an eligible elderly offender." *Id.* § 60541(g)(1)(B) (emphasis added).

The First Step Act amended aspects of the Second Chance Act relating to the fiscal years during which the program was to be carried out and the criteria for

---

[1] We review a district court's subject matter jurisdiction *de novo*. *United States v. Giraldo-Prado*, 150 F.3d 1328, 1329 (11th Cir. 1998). Questions of constitutional law are reviewed *de novo*. *United States v. Whatley*, 719 F.3d 1206, 1213 (11th Cir. 2013).

eligibility for removal for "elderly offenders."  Pub. L. No. 115-391, §§ 504, 603, 132 Stat. 5194.  No provision of the First Step Act altered the Second Chance Act's language conferring the Attorney General with the discretionary authority to release an eligible elderly offender upon written request by the offender or the BOP.  *See generally id.*

The district court did not err in denying Calderon's motion because it lacked jurisdiction to grant the relief he sought.  Specifically, the Second Chance Act does not authorize a federal court to order the BOP to release a prisoner—the Act only states the Attorney General "*may*" release eligible elderly offenders.  34 U.S.C. § 60541(g)(1)(B).  Moreover, the Second Chance Act makes no mention of federal courts and does not grant any authority to the federal courts.  The proper process for Calderon to seek relief was to file a request with the Warden, which he did.  *See id.*  The Warden's response stated he was awaiting further guidance from the BOP on how to implement the changes in the First Step Act.  Thus, Calderon's efforts with the Warden reflected the extent of the relief he could seek under the Second Chance Act.

Additionally, Calderon's argument the district court's denial of his motion violated his equal protection and due process rights is unpersuasive, because the Supreme Court has held prisoners do not have a constitutional right to be released before the expiration of a valid sentence.  *See Greenholtz v. Inmates of Neb. Penal*

3

*and Corr. Complex*, 442 U.S. 1, 7 (1979) (stating there "is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence"). Accordingly, we affirm.[2]

**AFFIRMED.**

---

[2] We need not address the Government's argument that Calderon does not meet certain criteria in the Second Chance Act because that determination lies outside the district court's jurisdiction. *See* 34 U.S.C. § 60541(g)(1)(B). Similarly, we need not address the district court's alternative conclusions regarding Calderon moving for compassionate release as that issue was explicitly abandoned by Calderon in his brief on appeal. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (stating issues not briefed on appeal by a *pro se* litigant are deemed abandoned).