[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-11024

Non-Argument Calendar

_____

AST & SCIENCE LLC,

Plaintiff-Counter Defendant-Appellee,

*versus*

DELCLAUX PARTNERS SA,

Defendant-Counter Claimant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:20-cv-23335-DPG

_____

2                          Opinion of the Court                          24-11024

Before ROSENBAUM, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

Delclaux Partners SA's ("Delclaux") amended notice of appeal challenges various orders, including (1) the district court's order and judgment granting appellee AST & Science LLC's motion for summary judgment on Delclaux's amended counterclaim, and (2) the district court's denial of Delclaux's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(4), which alleged that the district court lacked subject matter jurisdiction in the first instance. Regardless of whether Delclaux's Rule 60 motion tolled the appeal period, the statutory time limit required Delclaux to file a notice of appeal by March 25, 2024—the first business day after the 30-day appeal period following the February 23 order. *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A), 26(a)(1)(C). However, Delclaux did not file its amended notice of appeal until April 2, 2024.

Delclaux is incorrect to suggest that it could file its notice of appeal from the Rule 60 motion at any time because that motion only raised arguments concerning the district court's subject matter jurisdiction. Although subject matter jurisdiction may be raised at any point during proceedings, including on appeal, the timely filing of a notice of appeal is nevertheless a statutory prerequisite to appellate review in a civil case. *See* 28 U.S.C. § 2107(a); *United States v. Giraldo-Prado*, 150 F.3d 1328, 1329 (11th Cir. 1998); *Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010) (noting that

24-11024                Opinion of the Court                3

the timely filing of a notice of appeal in a civil case is a jurisdictional requirement, and we cannot entertain an appeal that is out of time).  Thus, the notice of appeal is untimely and cannot invoke our appellate jurisdiction.  *See Green*, 606 F.3d at 1300.

Accordingly, this appeal is DISMISSED, *sua sponte*, for lack of jurisdiction.  All pending motions are DENIED as moot.  No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.