PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 20 2000
THOMAS K. KAHN
CLERK

_____

Nos. 94-8073 and 94-8077
Non-Argument Calendar

_____

D. C. Docket No. 92-00141-1-CR-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID GEORGE TYNDALE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(April 20, 2000)**

Before TJOFLAT and BARKETT, Circuit Judges, and RONEY, Senior Circuit Judge.

PER CURIAM:

David George Tyndale appeals convictions in two separate drug cases. In the

first, known as the Georgia case, he was convicted by a jury on two counts of

conspiracy and possession of cocaine with intent to distribute. *See* 21 U.S.C. §§ 841(a)(1), 846. In the second, known as the North Carolina case, which had been transferred to the Northern District of Georgia pursuant to Rule 20 of the Federal Rules of Criminal Procedure, he pled guilty to one drug count under 21 U.S.C. §§ 841(a)(1) and 846. Sentencing on both cases was addressed during one hearing. He was sentenced to 240 months on each of the three counts to run concurrently. He alleges ineffective assistance of counsel for failure to raise an illegal search issue in the Georgia case. In the North Carolina case, he contends his guilty plea was not voluntary. We affirm the convictions in both cases.

<u>The Georgia Case. Appeal 94-8073.</u>

On August 15, 1989, in Clayton County, Georgia, state narcotics agents arrested Tyndale during a search pursuant to warrant for drugs in a co-defendant's apartment where Tyndale was present. Later charged with possession with the intent to distribute cocaine, conspiracy, and using and carrying a firearm during the commission of a drug offense, Tyndale was convicted by a jury on two of the three counts. Tyndale argues that he was denied his sixth amendment right to effective assistance of counsel, because his trial attorney failed to move to suppress certain evidence.

Generally, claims of ineffective assistance of counsel are not considered for the first time on direct appeal. *See United States v. Arango,* 853 F.2d 818, 823 (11th Cir. 1988). Although an exception exists in cases where the record is sufficiently developed, *see United States v. Camacho*, 40 F.3d 349, 355 (11th Cir. 1994), the record is not complete enough for us to rule on Tyndale's claim. Therefore we affirm this conviction, without ruling on the ineffective assistance of counsel claim.

The North Carolina Case. Appeal No. 94-8077

While free on bond pending trial in the Georgia case, Tyndale was arrested in Charlotte, North Carolina for another drug offense on April 3, 1993. After the three count indictment that followed was transferred from North Carolina to the Northern District of Georgia, Tyndale pled guilty to one count of conspiracy to possess cocaine with the intent to distribute.

Tyndale argues that his guilty plea was not "voluntary, knowing and intelligent," in violation of the Fifth Amendment. He contends that at the plea hearing, he was not advised that the ten year minimum sentence to which he was

subject would be automatically enhanced pursuant to 18 U.S.C. § 3147[1] and USSG

§ 2J1.7[2] because he

committed the North Carolina offense while released on bond awaiting trial on the

Georgia offenses.

Rule 11(c)(1) of the Federal Rules of Criminal Procedure provides that before

accepting a guilty plea, the court must, in part, "inform the defendant of, and

determine that the defendant understands, . . . the mandatory minimum penalty

provided by law, if any, and the maximum possible penalty provided by law." When

the defendant is informed of a mandatory minimum and maximum <u>statutory</u> sentence

---

[1]18 U.S.C. § 3147 states:

> A person convicted of an offense committed while released under this chapter shall be sentenced, in addition to the sentence prescribed for the offense to-
> (1) a term of imprisonment of not more than ten years if the offense is a felony; or
> (2) a term of imprisonment of not more than one year if the offense is a misdemeanor.
> A term of imprisonment imposed under this section shall be consecutive to any other sentence of imprisonment.

[2]USSG § 2J1.7 states:

> If an enhancement under 18 U.S.C. § 3147 applies, add 3 levels to the offense level for the offense committed while on release as if this section were a specific offense characteristic contained in the offense guidelines for the offense committed while on release.

at his plea colloquy and sentenced within that range, we have determined that the failure to advise of a <u>Sentencing</u> <u>Guidelines</u> sentencing range is harmless error, as long as the defendant knew that the Sentencing Guidelines existed and that they would affect his sentence. *See United States v. Mosley*, 173 F.3d 1318, 1327-28 (11th Cir. 1999); *United States v. Casallas*, 59 F.3d 1173, 1180 (11th Cir. 1995).

In the district court, Tyndale did not raise an objection to the plea proceedings, nor did he move to withdraw the plea. Therefore, we review the district court's compliance with Rule 11 for plain error, which is error that is clear or obvious and affects substantial rights. *See United States v. Quinones*, 97 F.3d 473, 475 (11th Cir. 1996). A defendant's substantial rights are affected if the district court fails to satisfy any of the "core objectives" of Rule 11: (1) ensuring that the guilty plea is free of coercion; (2) ensuring that the defendant understands the nature of the charges against him; and (3) ensuring that the defendant is aware of the direct consequences of the guilty plea. *See Quinones*, 97 F.3d at 475. Plain error analysis differs from harmless error analysis in that the defendant bears the burden of persuasion with respect to prejudice. *See United States v. Olano*, 507 U.S. 725, 734-35 (1993).

With regard to § 2J1.7 of the Sentencing Guidelines, the district court confirmed during the plea colloquy that Tyndale knew that the Sentencing Guidelines

5

existed and would affect his sentence. By so doing, the district court discharged its responsibility under Rule 11(c) with respect to the effect of the Guidelines on Tyndale's sentencing range. *See Mosley*, 173 F.3d at 1327-28; *Casallas*, 59 F.3d at 1180.

The question, therefore, becomes whether Tyndale was informed of the mandatory minimum statutory sentence, and if not, whether that failure amounted to plain error. Although § 3147 is a sentence enhancement statute, it does not specify a minimum enhancement: it requires only that Tyndale "shall" be sentenced to an additional prison term of "not more than" ten years. *Compare* 18 U.S.C. § 3147 (1994) (current statute; no express minimum enhancement), *with* 18 U.S.C. § 3147 (1988) (former version of statute; providing for enhancement of "*not less than two years* and not more than ten years") (emphasis added); *see also* USSG § 2J1.7, comment. (backg'd) (noting that although § 3147 provides for a sentence enhancement, "there is no requirement as to any minimum term"). Even if the phrase "shall be sentenced" means that at least *some* enhancement is required by § 3147, the minimum enhancement required by § 3147 would be negligible. A single additional day of imprisonment or less would apparently suffice to comply with the statute. Because any enhancement of Tyndale's minimum statutory sentence required by §

3147 would be de minimus, the failure of the district court to advise Tyndale of any such enhancement had no material effect on the third "core objective" of Rule 11: ensuring that the defendant is aware of the direct consequences of the guilty plea. There was no effect on Tyndale's "substantial rights." *See Quinones,* 97 F.3d at 475.

We conclude that there was no plain error in not notifying Tyndale at the plea hearing of the effect of § 2J1.7 and § 3147 on his minimum sentence. *See United States v. Bozza*, 132 F.3d 659, 661-62 (11th Cir. 1998) (no obligation to advise defendant at plea hearing of sentence enhancement pursuant to § 3417 and § 2J1.7). We note that the 240-month sentence actually received runs concurrently with the same sentence on each of the two Georgia counts.

Tyndale also contends that the guilty plea was invalid because the presentence report had not been completed at the time of his plea. USSG § 6B1.1(c) requires the court to "defer its decision to accept or reject . . . any plea agreement pursuant to Rules 11(e)(1)(A) and 11(e)(1)(C) until there has been an opportunity to consider the presentence report, unless a report is not required under § 6A1.1." Although that guideline, in some circumstances, may require the court to defer its decision whether or not to *accept the plea agreement* until after having considered the presentence report, it does not say that the court must defer its decision whether to *accept the plea*

until that time. *Cf. United States v. Hyde*, 520 U.S. 670, 674 (1997) (rejecting position that "equated acceptance of guilty plea with acceptance of plea agreement").

We affirm this conviction based on Tyndale's guilty plea.

AFFIRMED.