[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 5, 2008
THOMAS K. KAHN
CLERK

No. 07-11011
Non-Argument Calendar

_____

D. C. Docket No. 06-20319-CR-UUB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEIGH JESSE QUINTO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 5, 2008)**

Before CARNES, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Leigh Jesse Quinto, proceeding pro se, appeals his conviction and 240-month sentence for distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). First, Quinto argues that the district court lacked subject matter jurisdiction over his offense of conviction, asserting that the offenses codified in Title 21 of the United States Code do not constitute federal crimes "cognizable by [the district court] pursuant to Title 18." Quinto also contends that his Fifth Amendment grand jury right was violated, asserting that the evidence presented to the grand jury was falsified, and notes that his requests for grand jury materials to support this claim were denied. Second, Quinto argues that his 240-month sentence was both procedurally and substantively unreasonable.[1] Quinto asserts that the district court incorrectly calculated his advisory sentencing range as if he had been convicted of conspiracy, and failed to consider the sentencing factors enumerated in 18 U.S.C. § 3553(a) in fashioning his sentence. Last, Quinto argues that he was denied his Sixth Amendment right to effective assistance of counsel, asserting that his trial counsel made numerous mistakes and had a personal conflict of interest because counsel's son died of a drug overdose.

---

[1] We decline to address Quinto's remaining argument concerning the accuracy of the district court's order of judgment and conviction, which is without merit. Additionally, we decline to address Quinto's argument that the district court erred by sentencing him as a career offender absent a notice of prior convictions under 21 U.S.C. § 851, which was raised for the first time in his reply brief. See United States v. Britt, 437 F.3d 1103, 1104-05 (11th Cir. 2006).

For the reasons set forth more fully below, we affirm Quinto's conviction and sentence.

I.

A. District Court Subject Matter Jurisdiction

We will examine a district court's jurisdiction over an action even when the district court does not address those jurisdictional issues. See United States v. Giraldo-Prado, 150 F.3d 1328, 1329 (11th Cir. 1998) (per curiam) (acknowledging that "a party may raise jurisdiction at any time during the pendency of the proceedings"). We review questions of subject matter jurisdiction de novo. Id. Generally, a motion alleging a defect in the indictment must be made before trial, unless the alleged defect is a failure to invoke the district court's jurisdiction or to state an offense. Fed.R.Crim.P. 12(b)(3)(B).

"Congress has provided the district courts with jurisdiction . . . of 'all offenses against the laws of the United States.'" Alikhani v. United States, 200 F.3d 732, 734 (11th Cir. 2000) (per curiam) (quoting 18 U.S.C. § 3231). Where an indictment charges a defendant with violating the laws of the United States, § 3231 provides the district court with subject matter jurisdiction and empowers it to enter judgment on the indictment. Id. at 734-35.

Quinto's claim that the district court lacked jurisdiction to adjudicate the

charged drug offenses is without merit. The indictment charged Quinto and his codefendants with violations of the laws of the United States: 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(ii), and (b)(1)(C). This invoked the district court's subject matter jurisdiction under 18 U.S.C. § 3231. Alikhani, 200 F.3d at 734-35. Accordingly, we affirm Quinto's conviction in this respect.

B.   Grand Jury Proceedings and Motion for Disclosure of Grand Jury Materials

We review a district court's order regarding the disclosure of grand jury transcripts for an abuse of discretion, keeping in mind that "the district court has substantial discretion in determining whether grand jury materials should be released." United States v. Aisenberg, 358 F.3d 1327, 1338, 1349 (11th Cir. 2004) (quotation omitted). "It has long been a policy of the law that grand jury proceedings be kept secret." Id. at 1346-47. This secrecy principle is codified under Fed.R.Crim.P. 6(e)(2), which prohibits the disclosure of grand jury material except in the limited circumstances described in Rule 6(e)(3). Id. at 1347. The portion of that provision at issue is:

> The court may authorize disclosure--at a time, in a manner, and
> subject to any other conditions that it directs--of a grand-jury matter:
> > (i) preliminarily to or in connection with a judicial proceeding;
>
> > (ii) at the request of a defendant who shows that a ground may
> > exist to dismiss the indictment because of a matter that occurred
> > before the grand jury.

4

Fed.R.Crim.P. 6(e)(3)(E)(I) and (ii).

The Supreme Court has held that the Rule 6(e) exceptions apply only when a party seeking disclosure of grand jury material shows a "particularized need" for that material. See Douglas Oil Co. of Cal. v. Petrol Stops Nw., 441 U.S. 211, 222, 99 S.Ct. 1667, 1674, 60 L.Ed.2d 156 (1979). The Supreme Court explained that a party meets this standard when he shows "that the material [he] seek[s] is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that [his] request is structured to cover only material so needed." Id. The Supreme Court stated that "[s]uch a showing must be made even when the grand jury whose transcripts are sought has concluded its operations." Id. We have explained that a party meets the particularized need standard when he shows that "circumstances had created certain difficulties peculiar to this case, which could be alleviated by access to specific grand jury material, without doing disproportionate harm to the salutary purpose of secrecy embodied in the grand jury process." Aisenberg, 358 F.3d at 1348-49.

Here, Quinto appears to challenge the district court's denial of his Rule 6(e) motions for disclosure of grand jury materials based on the contention that those materials support his claims that evidence presented to the grand jury concerning

5

the drug quantity attributable to his conduct was falsified, and that improper procedures were used to obtain his indictment. Quinto's general requests for grand jury materials, however, did not establish the requisite particularized need to merit disclosure under Rule 6(e). See Douglas Oil Co. of Cal., 441 U.S. at 222, 99 S.Ct. at 1674. Specifically, Quinto failed to describe any "difficulties peculiar to [his] case" that merited disclosure, instead presenting unsubstantiated allegations that the evidence presented before the grand jury was falsified. See Aisenberg, 358 F.3d at 1348-49. We have held that unsubstantiated allegations do not satisfy the "particularized need" standard. United States v. Cole, 755 F.2d 748, 759 (11th Cir. 1985). Accordingly, because Quinto did not show that he had a particularized need for the material sought, the district court did not abuse its discretion in denying his motions. See Aisenberg, 358 F.3d at 1338, 1349. We therefore affirm Quinto's conviction in this respect.

## II.

We review the final sentence imposed by the district court for reasonableness. United States v. Winingear, 422 F.3d 1241, 1244 (11th Cir. 2005). Unreasonableness may be procedural, when the court's procedure does not follow the requirements set forth in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), or substantive. See Gall v. United States, ___ U.S. ___,

6

128 S.Ct. 586, 597, ___ L.Ed.2d ___ (2007); United States v. Hunt, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006). The Supreme Court has explained that a sentence may be procedurally unreasonable if the district court improperly calculates the guideline imprisonment range, treats the Guidelines as mandatory, fails to consider the appropriate statutory factors, bases the sentence on clearly erroneous facts, or fails to adequately explain its reasoning. Gall, ___ U.S. at ___, 128 S.Ct. at 597. The Court also has explained that the substantive reasonableness of a sentence is reviewed under an abuse-of-discretion standard. Id. It has suggested that review for substantive reasonableness under this standard involves inquiring whether the factors in 18 U.S.C. § 3553(a) support the sentence in question. Id. at ___, 128 S.Ct. at 600.

When imposing a sentence, the district court must first correctly calculate the Guidelines. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). Second, the district court must consider the following factors to determine a reasonable sentence:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to

7

avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

Id. (citing 18 U.S.C. § 3553(a)). While the district court must consider the § 3553(a) factors, it is not required to discuss each factor. Id. Instead, we have held that an explicit acknowledgment that the district court has considered the defendant's arguments and the § 3553(a) factors will suffice. United States v. Scott, 426 F.3d 1324, 1329-30 (11th Cir. 2005); see also Rita v. United States, 551 U.S. __, 127 S.Ct. 2456, 2469, 168 L.Ed.2d 203 (2007) (holding that the defendant's sentence was reasonable when the district court considered the parties' arguments and provided a reasoned basis for its choice of sentence).

"[T]here is a range of reasonable sentences from which the district court may choose" and the burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors lies with the party challenging the sentence. Talley, 431 F.3d at 788. We have held that a sentence within the guidelines range is neither per se reasonable, nor entitled to a presumption of reasonableness. See id. at 786-88; Hunt, 459 F.3d at 1185. However, the Supreme Court has held that, in reviewing sentences for reasonableness under 18 U.S.C. § 3553(a), a federal appellate court may apply a presumption of reasonableness to a district court sentence imposed within the guideline range. Rita, 551 U.S. at ___, 127 S.Ct. at 2462. Nevertheless, it appears that, even in light of Rita, our previous holdings

8

remain intact.  United States v. Campbell, 491 F.3d 1306, 1313-14 n.8 (11th Cir. 2007) (restating our holding in Hunt, but noting that "the [Supreme] Court's rationale in Rita calls into question our reasons for not affording a presumption of reasonableness").

"When the appealing party does not clearly state the grounds for an objection in the district court, we are limited to reviewing for plain error." United States v. Massey, 443 F.3d 814, 818 (11th Cir. 2006).  Under plain error review, "[a]n appellate court may not correct an error the defendant failed to raise in the district court unless there is (1) error, (2) that is plain, and (3) that affects substantial rights.  If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of the judicial proceedings." United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005) (citations and quotations omitted).

With regard to the procedural reasonableness of Quinto's sentence, the district court did not plainly err in its sentencing procedure.  The record indicates that the district court correctly calculated the advisory guideline range based on the conduct related to Quinto's offense of conviction, and his status as a career offender.  The record reflects that Quinto was at least 18 years old at the time of

the instant offense and had at least 2 prior felony controlled substance convictions, which qualified him as a career offender pursuant to U.S.S.G. § 4B1.1, resulting in an advisory guideline range of 210 to 240 months' imprisonment based on an offense level of 32 and a criminal history category of VI. Quinto did not challenge the validity of any of these convictions at sentencing, and did not object to the district court's finding that he qualified as a career offender. The record further demonstrates that the district court expressly stated that it considered the sentencing factors set forth in § 3553(a), specifically, Quinto's personal history and characteristics, and the need to promote respect for the law. The district court further considered the parties' arguments concerning the sentence to be imposed based on the § 3553(a) factors, and sufficiently explained its reasons for imposing the sentence. Accordingly, because Quinto failed to satisfy the first prong of the plain error analysis, we do not address the remaining prongs, and affirm his sentence in this respect.

Quinto also has not established that his sentence is substantively unreasonable. See Gall, ___ U.S. at ___, 128 S.Ct. at 597; Hunt, 459 F.3d at 1182 n.3. Quinto's sentence of 240 months' imprisonment is within the advisory guideline range. Moreover, the record indicates that the district court considered Quinto's extensive criminal history and the need to promote respect for the law in

determining that a Guidelines sentence was appropriate. Therefore, the § 3553(a) factors supported the district court's sentence, and the district court did not abuse its discretion. See Gall, ___ U.S. at ___, 128 S.Ct. at 597, 601-02. Accordingly, Quinto's sentence is reasonable, and we affirm as to this issue.

III.

We generally do not consider claims of ineffective assistance of counsel for the first time on direct appeal unless the record is sufficiently developed as to that issue. United States v. Tyndale, 209 F.3d 1292, 1294 (11th Cir. 2000); see also Massaro v. United States, 538 U.S. 500, 504, 123 S.Ct. 1690, 1694, 155 L.Ed.2d 714 (2003). We will, however, consider an ineffective-assistance claim on direct appeal "if the record is sufficiently developed." United States v. Bender, 290 F.3d 1279, 1284 (11th Cir. 2002). Additionally, the Supreme Court has articulated that, while "[t]here may be cases in which trial counsel's ineffectiveness is so apparent from the record that appellate counsel will consider it advisable to raise the issue on direct appeal," generally, these claims are best raised in a 28 U.S.C. § 2255 motion. Massaro, 538 U.S. at 504-09, 123 S.Ct. at 1694-96. The Court reasoned that the evidence introduced at trial is devoted to guilt or innocence, and, therefore, the record on direct appeal will not disclose many of the facts necessary to make a determination regarding the effectiveness of counsel. Id. at 504-06, 123 S.Ct. at

11

1694-95. Further, the Court noted that there is no way to determine, based solely on the trial record, whether counsel's actions or omissions were the result of trial strategy, as testimony from counsel is usually necessary. Id.

In this case, Quinto did not raise the ineffective assistance issue below. Therefore, the district court did not have an opportunity to develop a factual record for consideration by this Court. See Tyndale, 209 F.3d at 1294; see also Massaro, 538 U.S. at 504-06, 123 S.Ct. at 1694-95. Moreover, even if the record were sufficiently developed, Quinto did not provide any analysis, citations to the record, or citations to any legal authority in his argument before us. Accordingly, we decline to address this issue.

In light of the foregoing, Quinto's conviction and sentence are

**AFFIRMED.**