[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15589
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 5, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-00029-CR-3-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUBEN SALDANA-FLORES,
a.k.a. Manuel Flores,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 5, 2009)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Ruben Saldana-Flores appeals his three count conviction.  He was convicted

of conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, (Count 1); possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §§ 924 (c)(1)(A) and 2 (Count 2); and, possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(e), and 2 (Count 3). On appeal, Saldana-Flores argues that the district court plainly erred in accepting his guilty plea by failing to inform him of the applicable statutory maximum and minimum post-enhancement penalties for Counts 1 and 3, the correct minimum term of supervised release for Count 2, a pending forfeiture count, and its authority to order restitution. He maintains that these errors were compounded by the court's failure to inquire into an alleged inconsistency in his testimony regarding his birth in the United States and subsequent deportation therefrom.

Because Saldana-Flores failed to object to the plea proceedings or move to withdraw his plea, we review the district court's compliance with Federal Rule of Criminal Procedure 11 for plain error. *United States v. Chubbuck*, 252 F.3d 1300, 1302 (11th Cir. 2001). Under plain error review, we will reverse only if "(1) an error occurred; (2) the error was plain; (3) it affected [the defendant's] substantial rights; and (4) it seriously affected the fairness of the judicial proceedings." *United States v. Gresham*, 325 F.3d 1262, 1265 (11th Cir. 2003). "A defendant's

2

substantial rights are affected if the district court fails to satisfy any of the 'core objectives' of Rule 11. . . ." *United States v. Tyndale*, 209 F.3d 1292, 1295 (11th Cir. 2000) (per curiam).

"When accepting a guilty plea, a court must address three core concerns underlying Rule 11: '(1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea.'" *United States v. Hernandez-Fraire*, 208 F.3d 945, 949 (11th Cir. 2000) (citation omitted). "To ensure compliance with the third core concern, Rule 11(b)(1) provides a list of rights and other relevant matters about which the court is required to inform the defendant prior to accepting a guilty plea . . . ." *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005) (per curiam). Before accepting a defendant's guilty plea, the district court must inform a defendant of "any maximum possible penalty, including imprisonment, fine, and term of supervised release," "any mandatory minimum penalty," "any applicable forfeiture," and "the court's authority to order restitution." FED. R. CRIM. P. 11(b)(1)(H)-(K).

"[A] defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea."

3

*United States v. Dominguez Benitez*, 542 U.S. 74, 83, 124 S. Ct. 2333, 2340 (2004). In evaluating a defendant's plea under the reasonable probability standard, a court must consider "any record evidence tending to show that a misunderstanding was inconsequential to a defendant's decision, or evidence indicating the relative significance of other facts that may have borne on his choice regardless of any Rule 11 error." *Id.* at 84, 124 S. Ct. at 2341. Relevant considerations include the defendant's statements at the plea hearing, any protests at the sentencing hearing, the overall strength of the government's case, and any possible defenses that appear from the record. *Id.* at 84-85, 124 S. Ct. at 2341.

Saldana-Flores argues that his guilty plea was not knowing, intelligent, and voluntary because the district court misinformed him of the maximum and minimum post-enhancement penalties for the offenses he faced. With regard to Count 1, Saladana-Flores argues that the district court erred by advising him that he faced a maximum term of five years of supervised release and a maximum fine of $4 million, when in fact he faced a minimum mandatory term of 10 years of supervised release and a maximum fine of $8 million. However, in light of the fact that the district court informed Saldana-Flores that he faced life imprisonment without parole, to which he was sentenced, and the district court imposed only a $300 special assessment, Saladana-Flores' substantial rights were not affected by

this error. Similarly, with regard to Count 3, although the district court misinformed Saldana-Flores that he faced a maximum of 10 years of imprisonment, when he actually faced a mandatory minimum of 15 years, since the district court specifically informed Saldana-Flores that he could receive an enhanced mandatory minimum of life imprisonment, the district court's error did not affect his substantial rights.

Saldana-Flores further argues that the district court misinformed him of the minimum terms of supervised release he faced for Counts 1, 2 and 3. However, the Presentence Investigation Report ("PSI") correctly identified the range of possible sentences. Given that Saldana-Flores did not object to the PSI, the district court did not commit plain error. *United States v. Carey*, 884 F.2d 547, 549 (11th Cir. 1989). Finally, Saldana-Flores argues that his plea was not knowing because the district court misinformed him about the quantity of forfeiture and possibility of court-ordered restitution that he faced. However, since the district court waived the imposition of a fine, beyond a $300 special assessment, and did not order either forfeiture or restitution, Saldana-Flores' substantial rights were not affected.

Moreover, Saldana-Flores failed to argue or attempt to show that there was a reasonable probability that, but for any error, he would not have entered his guilty plea. Since "a defendant who seeks reversal of his conviction after a guilty plea,

5

on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea," the district court did not plainly err in accepting his guilty plea. *Dominguez Benitez*, 542 U.S. at 83, 124 S. Ct. at 2340.

Upon review of the parties' briefs and the record, we discern no reversible error. Accordingly, we affirm.

**AFFIRMED.**