[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-14213
Non-Argument Calendar

_____

D.C. Docket No. 1:11-cr-00130-AT-LTW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CEPEDA BROUGHTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 9, 2013)

Before WILSON, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Cepeda Broughton appeals his convictions following his plea of guilty to

armed bank robbery, 18 U.S.C. §§ 2113(a) and (d), using a firearm during a crime

of violence, 18 U.S.C. § 924(c), and being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He argues on appeal that (1) his convictions under § 922(g)(1) and § 924(c) must be vacated because the reasoning of *National Federation of Independent Business v. Sebelius*, --- U.S. ----, 132 S. Ct. 2566, 183 L. Ed. 2d 450 (2012), shows that these statutes exceed Congress' power to regulate interstate activity under the Commerce Clause; and (2) his § 924(c) conviction must also be vacated because during his plea colloquy the district court incorrectly advised him that § 924(c) carries a maximum sentence of life in prison. Upon review of the record and the parties' briefs, we conclude that Mr. Broughton's claims lack merit, and affirm.

In arguing for vacatur of his convictions, Mr. Broughton invites us to overturn well-settled circuit precedent that squarely forecloses his contentions. We decline this invitation; the court's published opinions are binding on subsequent panels until overruled by our panel sitting *en banc* or the Supreme Court. *See, e.g.*, *United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008) (citation omitted).

We first reject Mr. Broughton's claim that the Supreme Court's *National Federation of Independent Business* decision renders § 922(g)(1) and § 924(c) unconstitutional. We have previously ruled that these statutes fall within Congress' power to regulate interstate activity under the Commerce Clause. We concluded

2

that § 922(g)(1) is constitutional because the government must show a felon possessed a firearm that traveled in interstate commerce, *see United States v. Scott*, 263 F.3d 1270, 1274 (11th Cir. 2001), and that § 924(c) is constitutional because it involves the regulation of activity that has an effect on interstate commerce, *see United States v. Ferreira*, 275 F.3d 1020, 1028 (11th Cir. 2001); *United States v. DePace*, 120 F.3d 233, 235 n.2 (11th Cir. 1997). Nothing in *National Federation of Independent Business* casts doubt on prior our reasoning; the Supreme Court's analysis in that case pertains only to whether Congress may "compel" individuals to become active in interstate commerce, i.e., whether it may regulate inactivity. *See Nat'l Fed'n of Indep. Bus.*, 132 S. Ct. at 2585-93 (opinion of Chief Justice Roberts), 2644-50 (opinion of Justices Scalia, Kennedy, Thomas, and Alito).

We are also unpersuaded by Mr. Broughton's argument that the § 924(c) conviction must be vacated because he was misinformed by the district court that a violation of the statute carries a maximum sentence of life in prison. Under Federal Rule of Criminal Procedure 11(b)(1)(H), a court may only accept a guilty plea after conveying and making sure the defendant understands "any maximum possible penalty, including imprisonment, fine, and term of supervised release" associated with a plea of guilty. *United States v. Tyndale*, 209 F.3d 1292, 1295 (11th Cir. 2000). Mr. Broughton argues that the maximum sentence he could receive for pleading guilty to § 924(c) is seven years, a conclusion he contends is supported by

"comments by three Supreme Court Justices during the oral argument before the [sic] that Court in *United States v O'Brian*, 130 S.Ct. 2169 (2010) . . . ." Appellant's Br. at 12. In light of this premise, he asserts the district court violated Rule 11 by telling him that the maximum penalty under § 924(c) is life in prison. The problem for Mr. Broughton is that his premise is flawed. Indeed, he concedes that every circuit to consider the maximum penalty for violating § 924(c) has concluded that the statute carries a maximum sentence of life in prison. We joined that group in *United States v. Pounds*, 230 F.3d 1317, 1319 (11th Cir. 2000), and have not receded from that holding. Accordingly, the district court properly explained that the maximum sentence for a conviction under § 924(c) is life in prison.

**AFFIRMED.**