[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11431
Non-Argument Calendar
_____

D.C. Docket No. 9:14-cr-80167-RLR-2


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BERNARD ROLANDAS DIXON,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 19, 2016)

Before MARTIN, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Brian Mallonee, appointed counsel for Bernard Dixon in this direct criminal appeal, has moved to withdraw from further representation of Dixon and prepared a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967).  Our independent review of the record reveals that counsel's assessment of the relative merit of the appeal is correct.  Because independent examination of the entire record reveals no arguable issues of merit, counsel's motion to withdraw is **GRANTED**, and Dixon's convictions and sentences are **AFFIRMED**.[1]

Because the final judgment incorrectly listed the offenses of conviction, we **VACATE** and **REMAND** for the limited purpose of correcting this clerical error.  Dixon's conviction as to Count 1 was under 18 U.S.C. §§ 2119(2) and 2, and his conviction as to Count 2 was under 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2.  Finally, given our resolution of Mallonee's *Anders* motion, Dixon's motion for the appointment of new counsel is **DENIED AS MOOT**.

---

[1] We acknowledge that Dixon expressed dissatisfaction with trial counsel's performance and that he might wish to argue that his counsel was ineffective.  Such claims, however, generally "are not considered for the first time on direct appeal," but rather are best reserved for postconviction proceedings.  *United States v. Tyndale*, 209 F.3d 1292, 1294 (11th Cir. 2000); *see Massaro v. United States*, 538 U.S. 500, 504-05 (2003).