[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-15315
Non-Argument Calendar
_____

D.C. Docket No. 2:18-cr-00010-ECM-GMB-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHRISTOPHER IMAN ULMER,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(December 6, 2019)

Before MARTIN, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Christopher Ulmer appeals his conviction after pleading guilty to possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). On appeal, Ulmer argues his counsel was ineffective for failing to file a timely motion to suppress the drugs. Ulmer also says the district court erred when it denied Ulmer leave to file an untimely motion to suppress. After careful review, we dismiss both of Ulmer's claims. See United States v. Tyndale, 209 F.3d 1292, 1294 (11th Cir. 2000) (per curiam) (declining to rule on an ineffective assistance of counsel claim raised in a direct appeal); United States v. Benitez-Zapata, 131 F.3d 1444, 1446–47 (11th Cir. 1997) (dismissing an appeal to enforce the terms of a valid appeal waiver).

## I.

In March 2017, probation officers visited a home on Holiday Inn Drive, looking for Ulmer. At the time, Ulmer was serving a seven-year probation term. Ulmer's probation officer believed Ulmer had moved in with a "lady friend" at Holiday Inn Drive, though Ulmer told probation he was living at another address. The probation officers found Ulmer and his female friend at the home on Holiday Inn Drive. Without a warrant, officers searched the home and found marijuana and methamphetamine in the garage.

In January 2018, a grand jury indicted Ulmer for two counts of possession of a controlled substance with intent to distribute. Ulmer entered a plea of not guilty.

2

On February 7, 2018, a magistrate judge appointed two federal public defenders for Ulmer.  The magistrate judge ordered Ulmer's attorneys to submit all pretrial motions, including motions to suppress, by March 12, 2018.  Due to a conflict of interest, both of Ulmer's attorneys withdrew from his case on March 2.

The magistrate judge appointed a defense attorney under the Criminal Justice Act ("CJA") on March 2, but did not reset the March 12 deadline for pretrial motions.  Ulmer's CJA attorney, who was also preparing for a capital murder trial, never filed a motion to suppress the drugs found at the Holiday Inn Drive address.  The CJA attorney withdrew from representing Ulmer on June 1, 2018.

Ulmer received yet another defense attorney on June 4, 2018.  A week later, Ulmer's counsel successfully moved to postpone Ulmer's trial date to September 4, 2018.  However, Ulmer's new attorney did not request leave to file an untimely motion to suppress until August 13, 2018.

The magistrate judge denied Ulmer leave to file a late motion to suppress because he had not shown "good cause for his extended delay" in filing.  Ulmer again requested leave to file a late suppression motion.  Ulmer argued he had good cause for the delay because his attorney was appointed on June 1, months after the March 12 deadline for pretrial motions had passed, and his new attorney needed

3

time to evaluate the merit of filing a suppression motion.  The district court rejected Ulmer's argument and denied him leave to file a suppression motion.

On August 30, 2018, Ulmer pled guilty to one count of possession of methamphetamine with intent to distribute.  Ulmer's written plea agreement included this appeal waiver:

> [T]he defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the conviction or sentence.  The defendant further expressly waives the right to attack the conviction or sentence in any post-conviction proceeding . . . .  Exempt from this waiver is the right to appeal or collaterally attack the conviction or sentence on the grounds of ineffective assistance of counsel or prosecutorial misconduct.

At the change-of-plea hearing, the magistrate judge asked Ulmer, "Do you understand that by pleading guilty with this plea agreement, you will have waived, or given up, your right to appeal or collaterally attack all or part of your sentence?" Ulmer confirmed he understood.  The magistrate judge then accepted Ulmer's plea as "knowing and voluntary."

Ulmer timely appealed.

## II.

This Court reviews de novo claims of ineffective assistance of counsel. McNair v. Campbell, 416 F.3d 1291, 1297 (11th Cir. 2005).  But we will not address claims for ineffective assistance of counsel on direct appeal, "[e]xcept in

4

the rare instance when the record is sufficiently developed." United States v. Verbitskaya, 406 F.3d 1324, 1337 (11th Cir. 2005) (citation omitted).

We also review a district court's denial of leave to file an untimely motion to suppress for abuse of discretion. See United States v. Taylor, 792 F.2d 1019, 1025 (11th Cir. 1986). However, we cannot consider arguments foreclosed by a valid waiver of appeal. See United States v. Johnson, 541 F.3d 1064, 1068–69 (11th Cir. 2008). To determine whether Ulmer's sentence appeal waiver was valid, we perform a de novo review. Id. at 1066.

## III.

### A.

Ulmer argues his attorneys were ineffective for failing to file a timely motion to suppress the drugs found at the home on Holiday Inn Drive.[1] Specifically, Ulmer says his CJA attorney was ineffective for missing the pretrial motion deadline and never filing a motion to suppress. And he says his next (and last) attorney was ineffective for filing a suppression motion "over 150 days past the deadline for filing pretrial motions, and over 70 days after filing his notice of appearance."

---

[1] Ulmer's claim for ineffective assistance is not barred by his appeal waiver, since his waiver explicitly reserved his right to appeal "on the grounds of ineffective assistance of counsel."

We decline to consider Ulmer's ineffective assistance claim, however, because the record before us is not adequately developed. "[A] claim of ineffective assistance of counsel may not be raised on direct appeal where the claim has not been heard by the district court nor a factual record developed." United States v. Khoury, 901 F.2d 948, 969 (11th Cir. 1990). For instance, the record does not reveal why Ulmer's attorneys failed to file a timely suppression motion, which would reveal whether they performed deficiently. See Green v. Nelson, 595 F.3d 1245, 1251 (11th Cir. 2010) (contrasting attorneys' "strategic choice" not to file a motion to suppress with "inaction resulting from an admittedly mistaken view of the evidence in the case"). And without more information about Ulmer's relationship to the home on Holiday Inn Drive, we also cannot say whether a motion to suppress the drugs Ulmer possessed would have merit. Cf. United States v. Curbelo, 726 F.3d 1260, 1267 (11th Cir. 2013) ("[I]t goes without saying that counsel is not ineffective for failing to file a meritless suppression motion.").

We therefore dismiss Ulmer's claim without prejudice to his remedy under 28 U.S.C. § 2255. See Khoury, 901 F.2d at 969.

## B.

Ulmer also argues that the district court abused its discretion by denying him leave to file a late motion to suppress. The government responds that this claim is

6

barred by the appeal waiver in Ulmer's written plea agreement, which reserved only Ulmer's claims for ineffective assistance of counsel and prosecutorial misconduct.

To enforce an appeal waiver, defendant must enter into the waiver knowingly and voluntarily. United States v. Bascomb, 451 F.3d 1292, 1294 (11th Cir. 2006). A waiver is valid if the government shows that the district court specifically questioned the defendant about the waiver. Johnson, 541 F.3d at 1066.

The government has met its burden here. The record shows the magistrate judge explained the terms of the appeal waiver to Ulmer. Specifically, the magistrate judge told Ulmer he would ordinarily "have the right to appeal any sentence that's imposed," but by accepting the plea agreement, Ulmer would "waive[], or give[] up," his right to appeal. After the plea colloquy, the court found Ulmer had entered his plea knowingly and voluntarily. See United States v. Buchanan, 131 F.3d 1005, 1008 (11th Cir. 1997) (per curiam) (holding an appeal waiver was knowingly and voluntarily entered because the plea "colloquy establishes that the defendant understood the nature and extent of the appeal waiver and agreed to it"). Thus, we will enforce Ulmer's plea agreement according to its terms and dismiss his claim that the district court abused its discretion.

**DISMISSED.**

7