[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11806
Non-Argument Calendar

_____

D.C. Docket Nos. 8:12-cr-00287-JSM-TGW-1,
8:17-cv-02298-JSM-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN WESLEY WILSON,
a.k.a. Teddy Wilson,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 30, 2021)

Before JILL PRYOR, BRASHER, and JULIE CARNES, Circuit Judges.

PER CURIAM:

This is a very odd case, procedurally.  Defendant John Wesley Wilson pled guilty in 2013 to a multi-count indictment charging federal drug and firearms violations.  He filed no direct appeal at the time.  In 2017, he filed a § 2255 motion alleging that his guilty plea was not made knowingly and voluntarily because his retained counsel had offered him false assurances about the length of his sentence, which representations induced him to plead guilty.  He asked the district court to vacate his guilty plea and resulting conviction based on this alleged ineffectiveness by his attorney.  Alternatively, he asked the district court to allow him to file a belated direct appeal, arguing that counsel had also lulled him into abandoning a direct appeal, based again on false representations.

The district court granted the "alternative" part of Defendant's § 2255 motion, which sought the right to file an out-of-time appeal.  As to the part of the § 2255 motion requesting the court to vacate his plea of guilty, the court did not grant that motion.  Although the court's comments strongly suggested that it found unpersuasive Defendant's § 2255 challenge to the voluntariness of his plea, it never formally ruled on the merits of that part of the § 2255 motion.  Instead, it denied as moot all of Defendant's remaining motions.

Defendant has now filed the present direct appeal from his 2013 criminal conviction and judgment.  Most direct appeals from a conviction based on a guilty plea either challenge the sentence or complain that the plea was not knowingly

2

made given an inadequate colloquy in violation of Federal Rule of Criminal Procedure 11. Defendant makes neither of those arguments. Instead, he argues only that his trial counsel provided ineffective assistance when the latter made inaccurate representations that purportedly led to entry of a guilty plea that was not knowing or voluntary. The Government has moved to dismiss the appeal based on the absence of a certificate of appealability and argues, in the alternative, that Defendant's claim lacks merit.

After careful review of the record, we deny the Government's motion to dismiss. Defendant is here on direct appeal of his conviction and sentence and a certificate of appealability is not required for a direct appeal. As to Defendant's request that we reverse his conviction, there was no ruling or specific findings of fact from the district court as to Defendant's claim that his guilty plea should be vacated, given his counsel's alleged misrepresentations. Given the sharply disputed facts, the § 2255 record is too undeveloped to permit us to rule on that claim. And as Defendant has asserted no other argument that would support reversal of his conviction, we necessarily affirm his conviction and sentence. With this denial of Defendant's direct appeal, his conviction will become final and he may litigate in the district court a § 2255 motion challenging his conviction based on counsel's alleged ineffective assistance in persuading Defendant to plead guilty.

3

## I.    BACKGROUND

### A.    Criminal Proceedings

In 2012, a federal grand jury charged Defendant with:  conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and 280 grams or more of cocaine base (Count 1); possession with intent to distribute 28 grams or more of cocaine base (Count 2); possession with intent to distribute cocaine (Count 3); and possession of firearms in relation to drug trafficking crimes (Count 4).

Defendant pled guilty as charged without a plea agreement in January 2013. At the change-of-plea hearing before a magistrate judge, Defendant stated that he did not dispute any material aspect of the Government's factual proffer in support of his guilty plea.  The magistrate judge informed Defendant of the statutory minimum terms of imprisonment, explaining that Defendant faced 10 years to life for Count 1, 5 to 40 years for Count 2, up to 20 years for Count 3, and a mandatory consecutive sentence of 5 years to life for Count 4.  Defendant confirmed that he understood the penalties.

Defense counsel, Mark O'Brien, stated that, despite the absence of a plea agreement, the Government had agreed to allow Defendant "to attempt to achieve a lower sentence" through substantial assistance.  The Government agreed that, "if [Defendant] wants to proffer again, and ultimately if that results in anything," the

4

Government "might execute some future cooperation agreement." But the Government emphasized that, although it was "keeping the door open," it was "not promising anything" and "there [are] no promises." Defense counsel agreed, stating for the record that the Government "has made no promises that [Defendant] is guaranteed a 5K1.1 reduction" and that "there is no promise of anything other than [that the Government will] consider it like [it would in] any other case." When the court asked if that was Defendant's understanding as well, Defendant responded, "Yes, sir."

Defendant further stated that he was freely and voluntarily pleading guilty, that no one had coerced him or promised him anything to plead guilty, that no one had coached him to respond untruthfully to the court's questions, and that his answers had been the truth. Accordingly, the magistrate judge found that Defendant's plea was knowing and voluntary and recommended that the district court accept the plea. The district court adopted that recommendation.

During the sentencing hearing on May 1, 2013, the court adopted the presentence investigation report's guideline calculations, which called for 168–210 months' imprisonment plus a 60-month consecutive sentence as to Count 4. Varying downward, the court sentenced Defendant to 204 months' imprisonment, comprising concurrent 144-month terms for each of Counts 1–3 and a consecutive 60-month term for Count 4. That same day, the court entered judgment. In August

5

2017, after the U.S. Sentencing Commission's enactment of a retroactive guideline amendment, the district court reduced Defendant's sentence as to Counts 1–3 from 144 months to 135 months.

## B.    Civil Proceedings

In October 2017, Defendant filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence, alleging among other things that he had not entered a knowing and voluntary guilty plea due to trial counsel's ineffective assistance.[1]  As relevant here, Defendant argued that defense counsel had misadvised him that, if he pled guilty and provided grand-jury testimony for the Government, he would serve only two years in prison.  Defendant requested that the court either (1) vacate his criminal judgment and allow him to proceed to trial or (2) grant an extension of time to appeal his May 2013 judgment and sentence.

The court held an evidentiary hearing on April 23, 2019, during which Defendant testified, as did his mother, daughter, and trial counsel (O'Brien). Defendant testified that he entered a guilty plea because defense counsel told him the court would be required to impose at least a 15-year statutory minimum sentence unless Defendant pled and cooperated sufficiently with the Government

---

[1]  The Government moved to dismiss the § 2255 motion as untimely, but the district court denied the Government's motion, concluding that equitable tolling applied.

6

to prompt the latter to file a Rule 35[2] motion.  Further, defense counsel was confident that Defendant would receive a two-year sentence at any resentencing proceeding.  Defendant said that defense counsel also advised him the evening before sentencing that he had a deal with the Government to reduce his sentence to two years, so Defendant could disregard what happened during the proceedings.  Defendant conceded, however, that he knew at the time that defense counsel could not control the Government's actions, and that any sentence reduction depended on whether the Government obtained an indictment based on his future testimony before a grand jury.

Defendant's daughter and mother testified that, after sentencing, defense counsel told them that Defendant's sentence would be reduced to two years based on an indictment in another case.  Defendant's daughter further testified that defense counsel advised against filing a direct appeal because it could hurt Defendant's attempt to cooperate with the Government.  Defendant's mother testified that but for defense counsel's representation that Defendant would be out of prison in two years, they would have found another lawyer to file an appeal.

Finally, trial counsel, who was an experienced criminal lawyer, testified that, before Defendant pled guilty, he informed Defendant that he faced a 15-year

---

[2] Federal Rule of Criminal Procedure 35(b) permits a sentencing court to reduce a sentence based on the Government's motion requesting same as a result of the defendant's substantial assistance to the Government.

mandatory minimum penalty and that the only way to get a lesser sentence was through substantial assistance. Trial counsel further testified that the Government had never made promises in Defendant's case and that he had never promised Defendant or his family that Defendant would receive a two-year sentence or have his sentence reduced to two years.

At the conclusion of the hearing, the district court granted that part of Defendant's § 2255 motion requesting the right to file an out-of-time direct appeal of his conviction. The next day, April 24, 2019, the court issued a written order memorializing its rulings. The court's remarks certainly indicated its skepticism of Defendant's claim that counsel had promised him a two-year sentence. The court observed that: (1) "it [was] unbelievable that defense counsel would have told [Defendant] or his family that [Defendant] would serve only two years if he pleaded guilty—despite facing a 15-year mandatory minimum sentence" and (2) Defendant knew that whether "the Government filed the appropriate motion based on his cooperation . . . was entirely up to the Government," and that defense counsel "had no control over" the Government's decision to do so.

Yet, notwithstanding those discouraging words, the court never formally ruled on Defendant's claim that this guilty plea should be vacated based on his counsel's ineffective assistance. Indeed, the district court never attempted the required analysis of an ineffective assistance claim, which requires specific

findings concerning whether counsel's performance was constitutionally deficient and whether Defendant suffered prejudice as a result of this inadequate assistance. *See Strickland v. Washington*, 466 U.S. 668 (1984)).  In short, the court made no express findings regarding the ineffective-assistance-of-counsel claim that sought the vacating of Defendant's guilty plea.

That the district court purposefully avoided ruling on the ineffective assistance claim regarding the guilty plea is made clear by its actions.  The court granted the § 2255 motion only to the extent it requested the right to file a belated appeal of the conviction and sentence.[3]  Specifically, the court qualified its grant of the § 2255 motion "to the extent that the [c]ourt will grant an extension of time for Petitioner to appeal his May 1, 2013 judgment and sentence."  Significantly, the court declared all other motions to be moot.  And in explaining its decision granting Defendant the right to file a direct appeal from his criminal judgment within 14 days, the court said this would "put[] him back in the same position he was in when the family walked out at the sentencing hearing," and Defendant "can make whatever arguments he wants to make" on appeal.

---

[3]  The court found that the family had credibly testified that they had been led to a decision not to appeal the conviction and sentence based on counsel's representations about the negative impact of such an action.  The Government has not challenged the district court's decision to allow this out-of-time appeal.

## C.    Notice of Appeal

Within 14 days of the court's order, Defendant filed a notice of appeal that was docketed in his criminal case. The case caption for the notice of appeal listed the case numbers for both his criminal and civil habeas proceedings. But Defendant stated in the notice of appeal that he "appeals to the United States Court of Appeals for the Eleventh Circuit from the Order entered in this action on May 1, 2013 [which was the date the court had sentenced Defendant and entered judgment] pursuant to the District Court's Order in [the § 2255 proceedings] on April 24, 2019 allowing Appellant/Petitioner to file his Notice of Appeal from his sentence on May 1, 2013."

## II.    DISCUSSION

On appeal, Defendant argues that trial counsel provided ineffective assistance. Specifically, he argues that his guilty plea was not knowing and voluntary because trial counsel misinformed him that, despite the 15-year statutory minimum he faced, he would serve only two years if he pled guilty and provided testimony before a grand jury. He further argues that he suffered prejudice from counsel's deficient performance because, but for counsel's incorrect advice, he would have gone to trial rather than plead guilty. The Government has moved to dismiss this appeal and alternatively argues that Defendant's claim lacks merit.

### A.    Motion to Dismiss

As an initial matter, we must resolve the Government's motion to dismiss this appeal. The Government acknowledges that it does not seek dismissal for untimeliness under Federal Rule of Appellate Procedure 4(b) because the § 2255 court intended to give Defendant an opportunity to file a belated direct appeal. The Government further concedes that, according to the plain terms of Defendant's notice of appeal, he intended to file a direct appeal from his 2013 criminal judgment.[4] Accordingly, we are reviewing a direct appeal, not an appeal from the denial of a § 2255 motion. But the Government nevertheless contends that we lack jurisdiction to review Defendant's arguments because, on appeal, Defendant in fact seeks review of the § 2255 court's denial of his ineffective-assistance-of-counsel claim, but he failed to obtain a certificate of appealability as to the § 2255 proceeding.[5]

Although the Government is correct that Defendant raises in this appeal the same ineffective-assistance-of-counsel claim that he pursued in his § 2255 proceeding, we disagree with the premise of the Government's argument: that the

---

[4] We agree that Defendant's notice of appeal plainly demonstrates his intent to appeal from his criminal judgment, as Defendant stated that he appealed from the May 2013 judgment with the permission of the § 2255 court. Fed. R. App. P. 3(c) (providing that a notice of appeal must "designate the judgment, order, or part thereof being appealed").

[5] Before appealing from the denial of a § 2255 claim, a defendant must obtain a certificate of appealability based on a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). Absent a certificate of appealability, we lack jurisdiction to review the district court's denial of the claim. *United States v. Futch*, 518 F.3d 887, 894 (11th Cir. 2008).

11

§ 2255 court denied that claim. As set out above, although the § 2255 court seemed to view skeptically Defendant's assertions about his attorney's representations prior to entry of the guilty plea, it did not make any explicit findings as to deficient performance, prejudice, or the ultimate issue of ineffective assistance, and it expressly stated that Defendant could "make whatever arguments he wants to make" before this Court. The court granted Defendant's § 2255 motion only to the extent that it permitted him to file a direct appeal, based on a finding that Defendant's family members would have filed such an appeal absent their conversations with defense counsel, who discouraged such action.[6] Because the district court did not grant or deny Defendant's ineffective-assistance claim regarding his guilty plea, this is not an appeal from the denial of a § 2255 claim but rather a direct appeal, and a defendant is not required to obtain a COA before filing a direct appeal. Accordingly, Defendant was not required to obtain a certificate of appealability as a prerequisite to our jurisdiction. We therefore deny the Government's motion to dismiss.

## B.    Ineffective Assistance of Trial Counsel

As to the merits of Defendant's present appeal, Defendant claims that trial counsel provided ineffective assistance by misinforming him about the amount of

---

[6] We have no occasion to address whether the § 2255 court properly granted Defendant an opportunity to file a belated direct appeal, as the parties do not raise that issue.

12

prison time he would serve and falsely stating that counsel had an agreement with the Government. These misrepresentations, Defendant argues, resulted in a guilty plea that was not knowing and voluntary. "Generally, claims of ineffective assistance of counsel are not considered for the first time on direct appeal." *United States v. Tyndale*, 209 F.3d 1292, 1294 (11th Cir. 2000). "If the record is sufficiently developed, however, [we] will consider an ineffective assistance of counsel claim on direct appeal." *United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002).

There was a record as to this claim in the § 2255 proceeding as the key witnesses concerning this particular ineffective-assistance claim testified. What is missing though is a firm adjudication by the district court of its findings as to the credibility of those witnesses or a decision whether Defendant suffered the necessary prejudice, even if his version of events was truthful. And given the district court's conclusion that Defendant's witnesses were credible enough to warrant permission for him to file a belated appeal, a specific finding as to counsel's conduct with regard to the alleged sentencing-misrepresentation and any resulting prejudice is necessary. Thus, the record is not sufficiently developed to allow us to consider this ineffective assistance claim on direct appeal.

That conclusion takes us back where we started. Because Defendant has raised no challenges to his sentence or any challenge to his conviction that is

13

cognizable on direct appeal, we must necessarily affirm his conviction. In describing the consequences of its decision to allow a direct appeal, the district court indicated that Defendant was "put [] back in the same position he was when the family walked out at the sentencing hearing." That position allowed Defendant to appeal his conviction and sentence, and we have now rejected that appeal and affirmed his conviction. As to what happens next, we expand on the district court's observation to note that, like any defendant whose conviction has become final following an appeal, Defendant now has an opportunity to file a timely § 2255 motion re-alleging his ineffective assistance of counsel claim. *See McIver v. United States*, 307 F.3d 1327, 1332 (11th Cir. 2002) (a successful § 2255 petition seeking the right to file an out-of-time appeal does not cause a § 2255 motion filed after resolution of that appeal to be considered a second or successive motion); 28 U.S.C. § 2255(f)(1) (providing that a defendant has one year from "the date on which the judgment of conviction becomes final" to file a § 2255 motion).

## III.  CONCLUSION

We affirm Defendant's convictions and sentences. The Government's pending motion to dismiss for lack of jurisdiction is denied.

**AFFIRMED.**

14